J-S11045-15

2015 PA Super 133

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KENNETH F. SODOMSKY | |
| Appellee | No. 870 MDA 2014 |

Appeal from the Order April 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001025-2005

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

DISSENTING OPINION BY OTT, J.:                    **FILED JUNE 05, 2015**

I must respectfully dissent for two reasons.  First, I conclude the suppression court abused its discretion when it re-opened Sodomsky's suppression hearing.

Pennsylvania Rule of Criminal Procedure 581 "is designed to provide one single procedure for the suppression of evidence alleged to have been obtained in violation of the defendant's rights."  Pa.R.Crim.P. 581, Comment.  However, the Rule permits the filing of a supplemental motion when "the opportunity did not previously exist, or the interests of justice otherwise require[.]"  Pa.R.Crim.P. 581(B).

In December of 2013, after this Court reversed the trial court's **second order** suppressing the evidence recovered from Sodomsky's computer, and both the Pennsylvania Supreme Court and the United States Supreme Court declined to accept his appeal for the second time, Sodomsky petitioned the trial court to re-open his suppression hearing for a **third time**.  He asserted that the United States Supreme Court's decision in

*Jones*, *supra*, constituted a "clear change of law[.]" Petition to Re-Open Suppression Hearing Based on Intervening Change in Law, 12/16/2013, at 4, 5. The trial court agreed, and concluded:

> *Jones* may not be entirely new law, but it reaffirmed that the government's physical intrusion on [Sodomsky's] "effect" for the purpose of obtaining information constitutes a "search" and that this type of encroachment on an area enumerated in the Fourth Amendment would have been considered a search within the meaning of the Amendment at the time it was adopted. [*Jones*] is new law in the sense that the expectation of privacy standard is no longer the exclusive test to determine if a search violates the Fourth Amendment. Thus, this approach is the equivalent to new law because it had not been applied since the expectation of privacy standard was enunciated in *Katz v. United States*, 389 U.S. 347 (1967) and was not applied or addressed by the Superior Court in the case *sub judice*.

Trial Court Opinion, 7/29/2014, at 4.

On appeal, the Commonwealth argued *Jones* was decided before this Court's prior decision, and, therefore, impliedly rejected by this Court. The Majority determined (1) the suppression court did not have the opportunity to apply *Jones* since it was decided after the appeal was filed from the second suppression order, and (2) this Court was not barred by the "law of the case" doctrine from applying *Jones* since it represented "an intervening change of law." Majority Memorandum at 9. While I agree with the Majority's first conclusion, I take issue with its second.

In my view, *Jones* did not involve an intervening change in the law that would justify the re-opening of Sodomsky's suppression hearing. Rather, the *Jones* Court, in determining the government's warrantless attachment of a GPS device to the defendant's vehicle and subsequent use of that device to monitor the vehicle's movement, constituted a search under

the Fourth Amendment, **reaffirmed** the Fourth Amendment's **continued long standing protection** of a person's "effects."[1]

Preliminarily, I note that the facts in **Jones** are **not analogous** to those presented in the case *sub judice*. In **Jones**, "[t]he Government physically occupied private property" by installing a GPS device on the defendant's vehicle for the explicit purpose of monitoring the vehicle's movements. **Jones**, *supra*, 132 S.Ct. at 949. Here, conversely, the police viewed Sodomsky's computer files, after Sodomsky left his computer at a Circuit City store for service (abandoning his privacy interests in the property for a limited time) and, during the course of that service visit, a clerk happened upon the files in question. Although the police eventually seized Sodomsky's computer, it was only after they had probable cause to do so upon viewing the pornographic video clip.

Furthermore, the **Jones** Court clearly explained that it was not creating new law. Rather, the Court stated: "We have no doubt that such a

---

[1] The **Jones** decision was authored by Justice Scalia, joined by Chief Justice Roberts, Justice Kennedy, Justice Thomas and Justice Sotomayor. Justice Sotomayor also authored a concurring opinion in which she expressed concern with the current state of the law concerning the reasonable expectation of privacy in our digital information society. However, she noted "[r]esolution of these difficult questions in this case is unnecessary … because the Government's physical intrusion on Jones' Jeep supplies a narrower basis for decision." **Jones**, 132 S.Ct. 957 (J. Sotomayor, concurring). Finally, Justice Alito, joined by Justices Ginsburg, Breyer and Kagan, concurred in the judgment. Justice Alito opined that the decision should be based upon whether the defendant's "reasonable expectations of privacy were violated by the long-term monitoring of the movements of the vehicle he drove." **Id.** at 958 (J. Alito, concurring in judgment).

physical intrusion[, as occurred here,] would have been considered a 'search' within the meaning of the Fourth Amendment when it was adopted." *Jones*, *supra*, 132 S.Ct. at 949. Although the Court recognized that after its decision in *Katz*, the focus of Fourth Amendment jurisprudence shifted to a defendant's reasonable expectation of privacy, it explained that *Katz* "did not narrow the Fourth's Amendment's scope." *Id.* at 951. Rather, the *Katz* decision expanded Fourth Amendment protections without "withdraw[ing] any of the protection which the Amendment extends to the home." *Id.*, *quoting Alderman v. United States*, 394 U.S. 165, 180 (1969).

The *Jones* Court relied upon the Supreme Court's decision in *Soldal v. Cook County*, 506 U.S. 56 (1992), in which the Court "unanimously rejected the argument that although a seizure had occurred in a technical sense when a trailer home was forcibly removed, no Fourth Amendment violation occurred because law enforcement had not invade[d] the [individuals'] privacy." *Jones*, *supra*, 132 S.Ct. at 951 (internal punctuation omitted), *citing Soldal*, *supra*. In distinguishing *Katz* and its progeny, the *Soldal* Court opined:

> [T]he message of those cases is that **property rights are not the sole measure of Fourth Amendment violations.** … There was no suggestion that this shift in emphasis [from the protection of property to the protection of privacy privacy] had snuffed out the previously recognized protection for property under the Fourth Amendment. *Katz*, in declaring violative of the Fourth Amendment the unwarranted overhearing of a telephone booth conversation, effectively ended any lingering notions that the protection of privacy depended on trespass into a protected area. In the course of its decision, the *Katz* Court stated that the Fourth Amendment can neither be translated into a provision dealing with constitutionally protected areas nor into a general constitutional right to privacy. The Amendment, the Court said, protects individual privacy against certain kinds of governmental

intrusion, "**but its protections go further, and often have nothing to do with privacy at all.**" 389 U.S., at 350, 88 S.Ct., at 510.

***Soldal***, ***supra***, 506 U.S. at 64 (emphasis supplied).

Accordingly, since I find ***Jones*** did not constitute an intervening change in the law, I would conclude the trial court abused its discretion in re-opening Sodomsky's suppression hearing.[2]

Second, I find that the Majority disregarded this Court's prior decision when it engaged in a plain view analysis.

It is axiomatic that "[t]he Fourth Amendment prohibits only **unreasonable** searches" and seizures. ***Grady v. North Carolina***, 135 S.

---

[2] I recognize that Rule 581 permits a defendant to file a supplemental suppression motion when "the opportunity did not previously exist **or** the interests of justice otherwise require." Pa.R.Crim.P. 581(B) (emphasis supplied). However, traditionally, Pennsylvania courts have applied the "interests of justice" exception "to excuse a party's **tardy** presentation of a suppression motion." ***Commonwealth v. Johonoson***, 844 A.2d 556, 561 (2004) (emphasis supplied), *appeal denied*, 863 A.2d 1144 (Pa. 2004). ***See id.*** (finding no abuse of discretion on the part of the trial court in denying tardy supplemental suppression motion when defendant knew facts surrounding the stop at time he filed his first motion; in initial motion he argued his statement to trooper was not voluntary, but in supplemental motion he claimed entire encounter was an illegal investigative detention). ***But see Commonwealth v. Long***, 753 A.2d 272 (finding trial court did not abuse its discretion in considering defendant's untimely, oral, supplemental suppression motion presented at the close of the Commonwealth's case because motion challenged legitimacy of traffic stop based on videotape from inside police cruiser, and videotape was not shown to the defense until the first day of trial). Here, Sodomsky did not seek to file a "tardy" suppression motion because he uncovered new evidence, rather he sought to file a supplemental motion based upon an intervening change in the law. Because I conclude the ***Jones*** decision did not create "new law," I would also find the "interests of justice" do not require re-opening his suppression hearing.

Ct. 1368, 1371 (U.S. 2015) (emphasis supplied). Therefore, even if the search and seizure of Sodomsky's computer implicated Fourth Amendment protection under *Jones*, it would not justify suppression of the evidence unless the actions of the government were unreasonable. Moreover, while the Majority correctly states that "a warrantless search or seizure is **presumptively** unreasonable[,]" it recognizes that there are a few "clearly delineated exceptions" to the warrant requirement, namely, the "plain view" doctrine. Majority Memorandum at 16 (emphasis supplied), *citing* **Commownealth v. Williams**, 73 A.3d 609, 614 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014).

However, the Majority then concludes that the plain view exception is not applicable in the present case because "the suspect video file was not in 'plain view' when Officer Phillips arrived at the scene, nor was its criminal nature readily apparent." *Id.* at 17. In doing so, the Majority ignores the fact that a panel of this Court, in the appeal from the first order suppressing the evidence in this case, determined that the plain view exception to the warrant requirement applied under the facts of this case. In the original **Sodomsky** appeal, this Court stated:

> In the present case, police did not violate the Fourth Amendment in arriving next to the computer. Circuit City, which owned the premises, had granted them permission to enter the repair area though their on-site employees. **Accord McCullum**, [602 A.2d 313 (Pa. 1992)] (where police had permission of tenant to be in apartment, they had lawful vantage point from which to view incriminating evidence); **cf. Commonwealth v. English**, 839 A.2d 1136 (Pa. Super.2003) (police had plain view of marijuana growing on defendant's porch but violated Fourth Amendment by entering onto premises without warrant, consent, or exigent circumstances; plain view doctrine therefore did not apply). The

- 6 -

videos were not obscured in that they could be seen readily from that location.

We also conclude that the incriminating nature of the video files was immediately apparent. [Sodomsky] suggests that it was unclear whether the videos depicted child pornography because police could not ascertain the age of the naked male, whose face was not revealed, from the portion of the video that they viewed. We disagree. [Sodomsky] ignores the titles assigned to the videos on his computer. Mr. Richert stated that the titles listed a masculine name, an age of either thirteen years old or fourteen years, and "different types of sexual acts." N.T. Suppression Hearing, 9/28/05, at 24. The video titles, together with the clip of a naked male with a hand reaching for the penis, made it "readily apparent" that the videos were of illegal child pornography. Finally, police had the lawful right to access the videos because, as analyzed extensively above, [Sodomsky] had abandoned any reasonable expectation of privacy in them.

**Commonwealth v. Sodomsky**, 939 A.2d 363, 370 (Pa. Super. 2007).

Under the "law of the case" doctrine, and based on this Court's prior decision, I would decline to revisit the applicability of the plain view doctrine in this appeal. **See Commonwealth v. McCandless**, 880 A.2d 1262, 1268 (Pa. Super. 2005) ("The doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous."), *appeal dismissed as improvidently granted*, 933 A.2d 650 (Pa. 2007).[3]

---

[3] I recognize there are exceptions to the applicability of the law of the case doctrine, such as, where there is "an intervening change in the law, a substantial change in the facts, or if the prior ruling was 'clearly erroneous' and 'would create a manifest injustice if followed.'" **McCandless**, **supra**, 880 A.2d at 1268 (citation omitted). However, none of those exceptions are applicable here. It is important to note that the **Jones** decision, while opining that a search of a person's "effects" may violate the Fourth

*(Footnote Continued Next Page)*

Therefore, because I conclude the trial court abused its discretion in re-opening Sodomsky's suppression hearing, I am compelled to dissent.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

Amendment even though the person may have no reasonable expectation of privacy in that "effect," did not consider whether the "search" of Jones's car was "reasonable" because the issue was waived by the Commonwealth. **Jones**, **supra**, 132 S.Ct. at 954. Therefore, even if I found the **Jones** decision to be applicable and relevant, it would not necessarily compel a different result under the facts of this case.