J-S31038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
EDWARD LUCKETT, :
:
Appellant : No. 1909 MDA 2015

Appeal from the PCRA Order September 10, 2015
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001573-1995

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JUNE 21, 2016**

Edward Luckett (Appellant) appeals *pro se* from the order entered on

September 10, 2015, dismissing his petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The background underlying this matter can be summarized as follows.

> [O]n October 28, 1990, [Appellant], along with
> Andrew Dillon and another man, went to the home of
> 86 year old Agnes DeLuca in order to rob her. Dillon
> broke a window, opened the door, and let the group
> in. Once [the robbers were] inside, DeLuca
> screamed. [Appellant] grabbed DeLuca around the
> neck to quiet her and in so doing broke her neck and
> paralyzed her. They laid DeLuca on her bed while
> they looked around for valuables that they stashed in
> a pillowcase. They beat her with blunt force in the
> head, stabbed her five times in the neck and twice in
> the back. The three individuals then anally raped
> and asphyxiated her. Her body was found two days
> later.

_____

* Retired Senior Judge assigned to the Superior Court.

On November 17, 1998, following a jury trial, [Appellant] was convicted of murder in the first degree, robbery, burglary, conspiracy to commit first degree murder, conspiracy to commit robbery, conspiracy to commit burglary, and conspiracy to commit[,] causing or risking a catastrophe. On January 22, 1999, a life sentence was imposed. [Appellant] appealed, and on November 13, 2000, [this Court] affirmed the judgment of sentence. [Appellant] was represented by Robert McCormack, Esq. and Gene Riccardo, Esq. during both the trial and the appeal.

After [this Court] affirmed the judgment of sentence, [Appellant] filed a *pro se* [p]etition for [a]llowance of [a]ppeal to the Pennsylvania Supreme Court. On May 3, 2001, the Supreme Court remanded the matter to the trial court for appointment of counsel. The trial court appointed Robert Buttner, Esq. and he filed a new [p]etition for [a]llowance of [a]ppeal. The Supreme Court denied the petition on December 5, 2001.

PCRA court's Memorandum and Notice of Intent to Dismiss, 1/15/2015, at 1-2 (citations omitted).

Since the conclusion of Appellant's direct appeal, he has filed several PCRA petitions. The petition relevant to this appeal (Appellant's fifth) was filed *pro se* on October 17, 2014. Soon thereafter, he filed a motion to amend his original PCRA petition and supplemental petition based on newly-discovered evidence. On January 15, 2015, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's PCRA petition without holding an evidentiary hearing because Appellant's petition was untimely filed. Appellant filed a response to the Rule 907 notice. On September 10, 2015, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal. The PCRA court did not direct Appellant to comply with Pa.R.A.P. 1925(b), but did file a 1925(a)

statement, in which the court relied on the reasons it set forth in its January 15, 2015 memorandum and notice of intent to dismiss.

In his brief to this Court, Appellant contends the PCRA court (1) violated the "law of the case" doctrine when dismissing his PCRA petition based on the court's finding that Appellant could have raised a claim of newly discovered evidence while his fourth PCRA petition was pending with the PCRA court; (2) erred in dismissing Appellant's petition without an evidentiary hearing; and (3) violated Rule 907(1) when it failed to review sealed docket entries, the Geneva Long murder, the deal with Appellant's co-defendant Andrew Dillon in regards to the Long murder, Dillon's court record, and the evidence in the murder of Neda Hoerner. Appellant's Brief at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA

petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

Our Supreme Court denied Appellant's petition for allowance of appeal on December 5, 2001. Appellant had ninety days from that date to file a petition for a writ of *certiorari* in the United States Supreme Court. U.S.Sup.Ct.R. 13. He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final in March 2002.

The instant petition, filed on October 17, 2014, is facially untimely. Thus, he was required to plead and prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant alleges that his petition meets timeliness exceptions pursuant to 42 Pa.C.S. § 9545(b)(1)(i) and (ii), regarding interference by governmental officials and newly discovered evidence. Specifically,

Appellant raised **Brady**[1] claims based on three sources: Appellant's co-defendant Andrew Dillon's April 7, 1998 court summary, a news article from December 13, 2005, and information received from an SCI Dallas inmate in December 2013. Appellant's Brief at 10. Appellant contends that these claims were "'triggered' by: (a) [Pennsylvania]. Innocence Project 'September 18, 2013 termination correspondence'; and (b) Appellant's 'transfer' in close proximity with '12/07/2013 SCI-Dallas inmate'" who was convicted of [the] Harrisburg "skull-cap murder." Appellant's Brief at 6.

In response to Appellant's claims, the PCRA court found:

> [Appellant] states that his petition is timely because of government interference with the presentation of **Brady** claims. He asserts that he discovered these claims on September 18, 2013, when the Pennsylvania Innocence Project sent him correspondence that included a summary of a case concerning his co-defendant, Andrew Dillon, and a newspaper article from 2005. He also asserts that on December 7, 2013, he learned information from another inmate about other murders relevant to the murder in this case. He asserts that he filed this petition within 60 days of when the issues could have been raised because he filed it within 60 days of [this Court's] affirming the denial of his fourth PCRA petition on August 20, 2014. At the time that [Appellant] alleges he discovered these new claims, however, his fourth PCRA [petition] was not yet in [this Court], but was still pending before [the PCRA] court. He did not file an appeal of his fourth PCRA petition until February 3, 2014. Thus, he could have raised these issues as part of his fourth PCRA petition and he is out of time to raise them now.

> [F]or a **Brady** violation to fall within the governmental interference exception to the one year filing requirement of the PCRA, the petitioner must plead and prove that the failure to previously raise the claim was the result of interference by

---

[1] **Brady v. Maryland,** 373 U.S. 83 (1963).

government officials, and that the information could not have been obtained earlier with the exercise of due diligence. Here, [Appellant] has not shown that his failure to discover the information was the result of interference by government officials; nor that he could not have discovered the information himself earlier with the exercise of due diligence.

PCRA court's Memorandum and Notice of Intent to Dismiss, 1/15/2015, at 5 (citations omitted).

In response, Appellant contends that the PCRA court's assertion that he could have raised these claims while his fourth petition was pending with the PCRA court violates the "law of the case" doctrine[2] and that he timely filed the petition alleging newly discovered facts sixty days after the denial of his fourth petition. Appellant's Brief at 7-9.

Not only does the PCRA court's holding fail to violate any tenet of the law of the case doctrine, but it is also supported by previous decisions of this Court and our Supreme Court. Specifically, we find our Supreme Court's

---

[2] As explained in **Commonwealth v. McCandless**, 880 A.2d 1262, 1267 (Pa Super. 2005),

The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.... The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy...but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

(quoting **Commonwealth v. Starr,** 664 A.2d 1326, 1331 (Pa. 1995)).

decision in **Commonwealth v. Abu Jamal,** 941 A.2d 1263 (Pa. 2008), instructive.

In **Abu Jamal,** Abu Jamal filed his third PCRA petition with claims of newly-discovered facts. Such facts were discovered by Abu Jamal in December 2001, while his second PCRA petition was pending before the PCRA court. **Id.** at 1269. Following the PCRA court's dismissal of his petition in January 2002, Abu Jamal chose to appeal to this Court, without raising the newly-discovered facts to the court below. Abu Jamal filed his third petition after the disposition of the appeal from his second PCRA. Our Supreme Court held that Abu Jamal did not meet the sixty-day timeframe of § 9545(b)(2) even though he had filed his third PCRA petition within sixty days after his appeal had ended. Abu Jamal offered "no explanation" why he failed to bring the newly-discovered facts to the PCRA court's attention and instead filed an appeal to this Court, "effectively suspending the availability of relief on his claim … until after disposition of the appeal." **Id.**

Here, as in **Abu Jamal**, Appellant learned of the new information he now raises on appeal in late 2013, while his fourth petition was still before the PCRA court. Instead of bringing the newly-discovered information to the PCRA court's attention, Appellant chose to appeal to this Court and wait until its conclusion before raising his claims in a subsequent petition. In doing so, Appellant did not file the instant petition until October 17, 2014, outside the prescribed sixty-day time limit. Based on **Abu Jamal**, we find no error in

the PCRA court's conclusion that Appellant has failed to satisfy the timeliness exception. No relief is due.[3]

As Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition as untimely filed, we affirm the PCRA court's order.[4]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016

---

[3] Furthermore, even if Appellant did properly raise the claims in a subsequent petition, they would still fail, as the PCRA court found Appellant did not plead and prove that his claims met the newly-discovered evidence or governmental interference exceptions. *See Commonwealth v. Stokes*, 959 A.2d 306, 311 (Pa. 2008) (citing *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006)) (emphasis in original) ("Although a *Brady* violation *may* fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence."); *Commonwealth v. Sattazahn*, 869 A.2d 529, 534 (Pa. Super. 2005) ("[I]n order to prevail under the newly discovered evidence exception, Appellant must plead and prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained earlier by the exercise of due diligence.").

[4] In affirming the PCRA court's order denying Appellant's serial PCRA petition as untimely, we deny as moot Appellant's February 29, 2016 motion for leave to file copies of unpublished memoranda and a statement in absence of transcripts and his March 3, 2016 motion for remand to include notes of testimony.