J-S83014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER BOCELLI, | : | |
| Appellant | : | No. 2476 EDA 2017 |

Appeal from the Order December 15, 2016
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004064-1990

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 21, 2018**

Appellant, Christopher Bocelli, appeals from the Order entered in the Chester County Court of Common Pleas dismissing his *pro se* Petition for Writ of *Habeas Corpus* and his *pro se* Amended Petition for Writ of *Habeas Corpus*. Appellant challenges the legality of his 1995 sentence by contending that the statute under which the jury found him guilty of First-Degree Murder, 18 Pa.C.S. § 2502(a), is "void ab initio" and "vague."   Because Appellant's challenge to the legality of his sentence is properly reviewed under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-9546, we affirm the trial court's denial of relief.  Appellant's Petition is untimely and this Court is, thus, without jurisdiction to review the merits of the issues raised.  In addition, in

light of our disposition, Appellant's *pro se* Application for Relief, filed December 22, 2017, is denied.[1]

This Court previously summarized the facts and tortured procedural posture of this case, and we need not repeat it in detail here. ***See***, ***e.g***., ***Commonwealth v. Bocelli***, 1386 EDA 2015 at 1-3 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 145 A.3d 722 (Pa. 2016). In sum, on July 19, 1991, a jury convicted Appellant of Murder in the First Degree, Robbery, Aggravated Assault, and Criminal Conspiracy. On February 8, 1995, the trial court sentenced Appellant to life imprisonment without parole on the First-Degree Murder conviction and concurrent sentences on the remaining convictions that did not merge for purposes of sentencing. This Court affirmed the Judgment of Sentence on October 19, 1995, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on June 17, 1996. ***See Commonwealth v. Bocelli***, 671 A.2d 766 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 677 A.2d 838 (Pa. 1996). Appellant did not appeal to the United States Supreme Court. Thus, Appellant's Judgment of Sentence became final on September 16, 1996, when the ninety-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3).

---

[1] On January 31, 2018, Appellant filed a Motion for Certification of Class Action in this Court. We deny the Motion.

Appellant filed his first PCRA Petition *pro se* on March 26, 2001. The court appointed counsel, and ultimately Appellant's counsel[2] filed a *Turner*/*Finley*[3] Letter. The court dismissed the Petition after a hearing on December 28, 2005, and granted counsel's request to withdraw. Appellant appealed and on March 26, 2007, this Court found that the trial court failed to follow the dictates of *Turner*/*Finley* and remanded the case for further proceedings. On remand, counsel filed a no-merit letter pursuant to *Turner*/*Finley* and a petition to withdraw.

Following a hearing, on January 18, 2011, the trial court issued a notice of intent to dismiss the PCRA petition and, on March 25, 2011, the trial court dismissed the petition and granted counsel's petition to withdraw.

During the pendency of the PCRA proceedings, and following the conclusion of the proceedings, Appellant filed a multitude of petitions, applications, and appeals, in the trial court, this Court, the Supreme Court of

---

[2] During the PCRA proceedings, the trial court issued numerous orders appointing new counsel.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pennsylvania, and the Commonwealth Court of Pennsylvania,[4] all of which the courts denied.[5]

On November 6, 2014, Appellant filed a Petition for Writ of *Habeas Corpus*, followed again by a multitude of filings.[6]  On April 15, 2015, the trial court denied and dismissed Appellant's pending petitions, motions, and applications.  Following the denial of his Motion for Reconsideration, Appellant appealed to this Court on May 8, 2015. We affirmed, and the Pennsylvania Supreme Court denied allowance of appeal.  ***See Commonwealth v. Bocelli***, 1386 EDA 2015 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 145 A.3d 722 (Pa. 2016).

Following the filing of the Notice of Appeal, Appellant again filed additional applications and petitions, including a July 8, 2015 Petition for Writ of *Habeas Corpus*.  The trial court denied this Petition.  Appellant appealed,

---

[4] Appellant also filed a Petition for *Habeas Corpus* in the United States District Court for the Eastern District of Pennsylvania.

[5] Except where noted **infra**, the details of Appellant's numerous filings are not relevant to the instant appeal.

[6] On November 14, 2014, he filed a Motion for Order to Show Cause.  On January 29, 2015, the Commonwealth filed an Answer.  Appellant subsequently filed numerous other documents, including documents entitled: "Defendant's Statement of Objections and Notice of False Representation," "Motion to Cease and Desist all Contact," "Application for Relief," and "Affiant's Acceptance and Affidavit in Support of Administrative Record."

and this Court dismissed the appeal on November 24, 2015, for failure to file a brief.

On June 16, 2016, Appellant filed the instant *pro se* Petition for Writ of *Habeas Corpus*, and an Amended *pro se* Petition for Writ of *Habeas Corpus* on August 22, 2016. On December 15, 2016, the trial court denied the Petitions for lack of jurisdiction.[7] This timely appeal followed.[8]

Appellant provided the following Statement of the Questions Presented:

> I. Does the residual clause of 18 Pa.C.S. § 2502(a) violate constitutional protections for doctrine of vagueness by failing to provide appropriate notice requirements and arbitrarily creating a class of people who have been subject to conduct violations which the law does not make criminal within its scheme?

_____

[7] The court dismissed Appellant's Petitions because, even though they were filed under his criminal docket number, Appellant had captioned the filings incorrectly. **See** Order, dated 12/15/16, at n.1. As set forth **infra**, we affirm the trial court's dismissal but on different grounds. **See Commonwealth v. Lynch**, 820 A.2d 728, 730 n.3 (Pa. Super. 2003) (noting that "[w]e may affirm the trial court on any ground.").

[8] We note Appellant's Notice of Appeal reflected the correct docket number but an incorrect caption. "A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014); **see also** Pa.R.A.P. 902 (holding "[f]ailure of an appellant to take any step other than the timely filing of a notice of an appeal does not affect the validity of the appeal[.]"). This Court docketed Appellant's appeal using the caption associated with the docket number under which the appeal was filed, *i.e.*, **Commonwealth v. Bocelli**. We could remand for correction of the caption on the Notice of Appeal; however, given our disposition, we decline to do so. **See Williams**, 106 A.3d at 587-88.

II. Does the failure to possess a final enactment date in Legislative Act 1974, March 26, No. 46 constitute a procedural defect, which renders such act void for never having been properly passed under the void ab initio doctrine?

III. Does Amendment at 42 Pa.C.S. § 9764(c.1)(3), and judicial enlargement of same, confer a substantive right on the DOC to retroactively enforce detention through use of court commitment forms (DC-300B) received prior to statute's final enactment date violating, laws of retroactivity; Pa. Constitution; and subsumes improper procedures claim of judicially created life imprisonment, absent court order, constitutes illegal detention that exceeds any legislatively imposed maximum limit authorized by statute?

IV. Does Appellant's indefinite detention in the DOC based upon usage of department forms, DC-300B, court commitment forms dated June 23, 1989 and April 30, 1990, constitute the law of the case?

Appellant's Brief at 8.

Although Appellant titled his Petition and Amended Petition as a Writ of *Habeas Corpus*, Appellant's first two issues fundamentally challenge the legality of his sentence. These challenges are cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2); **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (deeming a petition for *habeas corpus* relief from a purportedly illegal sentence to be a PCRA petition because a claim challenging legality of sentence is cognizable under PCRA). **See also Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (recognizing issues concerning legality of sentence are cognizable under PCRA). We, therefore, consider Appellant's Petition and Amended Petition for Writ of *Habeas Corpus* under the rubric of

the PCRA. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (holding that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus."). We refer to Appellant's Petition and Amended Petition hereafter as a PCRA Petition.[9]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Before addressing the merits of Appellant's issues, however, we must determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett,** 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite). Under the PCRA, any PCRA petition "including a second or subsequent petition,

_____

[9] Appellant previously raised his third and fourth issues before this Court in a slightly different form. **See Bocelli**, 1386 EDA 2015. There, Appellant challenged the failure of the Court to provide a written sentencing order, and this Court recognized that such a claim is "addressed as a writ of *habeas corpus*." **Id.** at 5 (citing **Joseph v. Glunt**, 96 A.3d 365, 368-69 (Pa. Super. 2014)). We concluded that the issue had no merit. **See Bocelli**, **supra** at 5-6. Here, Appellant essentially provides the same argument slightly reframed when he states that the **Glunt** Court "arbitrarily read terms of retroactivity into Section 9764(c.1)(3), to broaden its scope, and confer a substantive right on the DOC to retroactively rely on court commitments forms … to continue to detain inmates without a sentencing order." Appellant's Brief at 55. Since we have already addressed this issue, we decline to do so again here. **See Commonwealth v. McCandless**, 880 A.2d 1262, 1267 (Pa. Super. 2005), (holding that based upon the law of the case doctrine "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter[.]").

shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). "The substantive merits of a PCRA petition are irrelevant to the timeliness of the PCRA petition." *Commonwealth v. Wilson*, 824 A.2d 331, 334 (Pa. Super. 2003).

As noted above, Appellant's Judgment of Sentence became final on September 16, 1996. Accordingly, Appellant's Petition, filed on June 16, 2016 and amended on August 22, 2016, is facially untimely. We may consider an untimely PCRA Petition, however, if the appellant pleads and proves one of the three timeliness exceptions set forth in 42 Pa.C.S. § 9545(b)(1). A petition invoking one of the timeliness exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) ("the 60–day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence.").

Appellant attempts to invoke our jurisdiction through the timeliness exception found in Section 9545(b)(1)(iii), pertaining to a newly-recognized constitutional right that applies retroactively. In support, Appellant cites

*Welch v. United States*, 136 S.Ct. 1257 (2016), wherein the United States Supreme Court announced that its holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), is retroactive on collateral review. *Welch*, 136 S.Ct. at 1268. In *Johnson*, the Court held that imposing an increased sentence under the Armed Career Criminal Act violated due process principles because the definition of prior "violent felony" in the residual clause of the Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557, 2563. This case is inapplicable here.

As Appellant concedes, he "is not subject to the Armed Career Criminal Act statute[.]" Appellant's Brief at 1; Appellant's Response to Appellee's Brief at 4. Rather, the statute he is challenging is 18 Pa.C.S. § 2502(a) of the Pennsylvania Crime Code.[10] Thus, the *Welch* holding mandating retroactive invalidation of sentences imposed pursuant to 18 U.S.C. § 924(e)(2)(B)(ii) has no bearing on Appellant's case or his sentence. Because *Welch* is

---

[10] Appellant's arguments, presented in a 70-page prolix Brief, are that "there is no statutory crime of murder in Pennsylvania;" pursuant to *Commonwealth v. McKenna*, 383 A.2d 174, 178 (Pa. 1978), his sentence of life imprisonment is unconstitutional; and in passing 18 Pa.C.S. § 2502, the legislature did not provide an effective date and the statute is, therefore, void *ab initio*. Appellant's Brief at 10, 19, 23. Appellant also argues that Section 2502 is vague because it does not provide "appropriate notice of a specific type of 'victim' … [and] is so standardless that it invites arbitrary enforcement in the absence of actual notice which narrows and limits the offense as it applies to the victim, while ignoring the actual facts of the case … so that Appellant is denied the protection of statutory safeguards at 18 Pa.C.S. § 104(3)." Appellant's Brief at 26-27.

inapplicable here, Appellant cannot rely on it to trigger the PCRA's third timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant failed to prove that one of the enumerated exceptions to the time-bar applied to his case. Accordingly, the instant PCRA Petition is untimely and we, therefore, lack jurisdiction to consider the merits of his Petition. *See Hackett*, 956 A.2d at 983. We, thus, affirm the Order of the PCRA court dismissing his Petition.

Order affirmed. Application for Relief denied. Motion for Certification of Class Action denied.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/21/2018*