J-S36023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT ALDERMAN, :
:
Appellant : No. 2019 EDA 2017

Appeal from the PCRA Order May 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1033821-1989

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 31, 2018**

Appellant, Robert Alderman, appeals from the Order entered on May 31, 2017, in the Court of Common Pleas of Philadelphia County dismissing his sixth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court lacks jurisdiction to review the Petition.

This Court previously set forth the underlying facts, so we will not repeat them here. *See Commonwealth v. Alderman*, No. 255 PHL 1992 (Pa. Super. filed Mar. 11, 1993) (unpublished memorandum); *Commonwealth v. Alderman*, No. 1783 EDA 2000 (Pa. Super. filed Dec. 22, 2000) (unpublished memorandum). In summary, Appellant is serving a life sentence following his

bench trial convictions in 1991 for Second-Degree Murder, Burglary, and Possession of an Instrument of Crime ("PIC").[1]

On March 11, 1993, this Court affirmed Appellant's Judgment of Sentence. *Commonwealth v. Alderman*, No. 255 PHL 1992 (Pa. Super. filed Mar. 11, 1993) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court. Appellant's Judgment of Sentence became final on April 10, 1993, when his time for seeking review with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

Between 1993 and 1999, Appellant filed five unsuccessful PCRA Petitions.

On June 11, 2015, Appellant filed a Writ of *Habeas Corpus*, arguing that his sentence is "invalid/illegal on its face" because a Department of Corrections Form from 1991 ("DC-300B Form") does not specify the degree of Murder for which he was convicted. Writ of *Habeas Corpus*, 6/11/15, at 1. In light of this "newly discovered evidence," Appellant asserted that he is only guilty of Third-Degree Murder carrying a sentence of 10 to 20 years' imprisonment, "which has expired." *Id.*

---

[1] 18 Pa.C.S. § 2502(b); 18 Pa.C.S. § 3502; and 18 Pa.C.S. § 907, respectively.

On July 5, 2016, Appellant filed the instant *pro se* PCRA Petition, his sixth, presenting the same illegal sentencing claim about the DC-300B Form that he presented in his Writ of *Habeas Corpus*.

The PCRA court filed two Pa.R.Crim.P. 907 Notices,[2,3] and on May 31, 2017, the PCRA court dismissed the instant PCRA Petition and Writ of *Habeas Corpus* without a hearing.

Appellant filed a timely Notice of Appeal on June 7, 2017. The trial court complied with Pa.R.A.P. 1925(a).[4]

Appellant presents the following two issues for our review:

I. Did the [c]ourt err in construing [Appellant's] Writ of *Habeas Corpus Ad-Subjiciendum* as a [PCRA] Petition when [Appellant] expressly explained that the issue does not fall within the scope of the [PCRA]?

II. Did the [PCRA court] err in overriding the decision of the [original PCRA court] to construe the filing of [Appellant] as a Writ

---

[2] **See** Rule 907 Notice, dated 4/7/17 and Rule 907 Notice, dated 8/11/16. In August 2016, a judge issued a Pa.R.Crim.P. 907 Notice of intent to dismiss without a hearing opining that Appellant's "claim of an illegal detention is cognizable as a Petition for Writ of *Habeas Corpus*, and is not subsumed by the [PCRA]." Rule 907 Notice, dated 8/11/16, at 1. That court also opined that (1) both the Writ of *Habeas Corpus* and the PCRA Petition raised the same sentencing issue and (2) Appellant "produce[d] no evidence in support of his claim." **Id.** at 1. Prior to the entry of an order dismissing Appellant's filings, however, Appellant's case was reassigned to another judge. That judge opined that "upon closer review, [Appellant's] claim of an illegal detention is cognizable as a [PCRA] Petition." Rule 907 Notice, dated 4/7/17, at 1.

[3] Appellant filed responses to both Rule 907 Notices.

[4] The trial court did not order Appellant to file a Rule 1925(b) Statement of Errors.

of *Habeas Corpus* when the [PCRA court] construed said Writ as a Post Conviction Relief Act Petition?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant claims that the PCRA court erred in treating his Writ of *Habeas Corpus* as a PCRA Petition. Appellant's Brief at 8-11. Appellant further alleges that the PCRA court violated principles of coordinate jurisdiction when it did not abide by a prior judge's 907 Notice indicating that his Writ of *Habeas Corpus* was not subsumed by the PCRA. **Id.** at 12-14 (citing general case law regarding motions to change venue in civil cases and general principles of coordinate jurisdiction).

It is well settled that the PCRA is intended to be the "sole means of obtaining collateral relief." 42 Pa.C.S. § 9542; **see also Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998). So long as the PCRA provides a potential remedy to a given claim, "the PCRA statute subsumes the writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citation omitted).

A challenge to the legality of sentence is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii); *see also Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). When raising a challenge to the legality of his sentence, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

The PCRA court concluded that Appellant's Writ of *Habeas Corpus* constituted an improper attempt to circumvent the PCRA's timeliness requirements. We agree with this assessment. Appellant's filing fundamentally challenged the legality of his sentence based on alleged errors or omissions contained in Department of Corrections paperwork. Tellingly, these claims were nearly identical to the claims raised in Appellant's PCRA Petition. The PCRA court properly deemed Appellant's Writ as an untimely PCRA Petition. Appellant's attempt to obtain relief by titling his filing a Writ of *Habeas Corpus*, thus, fails.

Appellant also claims that the PCRA court erred by "overruling" a prior judge's 907 Notice indicating that his Writ of *Habeas Corpus* was not subsumed by the PCRA.[5] Appellant's Brief at 12-14.

_____

[5] The original 907 Notice identified and addressed Appellant's Writ of *Habeas Corpus* under Pa.R.Crim.P. 907, which applies to PCRA matters and does not apply to Writs of *Habeas Corpus*. Further, the original PCRA court did not credit Appellant's argument in any way, and did not suggest separate proceedings for the Writ would be appropriate. Rather, the original 907 Notice

- 5 -

The law of the case doctrine instructs "that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court . . . in the earlier phases of the matter[.]" *Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005) (*en banc*) (citation and quotation omitted). Notably, "[u]nder Pennsylvania law, the doctrine of law of the case does not have an absolute preclusive effect." *Id.* at 1268. The doctrine does not apply under exceptional circumstances, such as "an intervening change in the law, a substantial change in the facts, or if the prior ruling was clearly erroneous and would create a manifest injustice if followed." *Id.* (citation and internal quotation marks omitted).

Appellant's contention implicating the law of the case doctrine is without merit. The Rule 907 Notice is not an order or resolution of a legal question; it is simply a notice of a forthcoming proposed resolution. Appellant cites no relevant case law to support his proposition that a sentence included in a Rule 907 Notice binds subsequent courts under the law of the case doctrine. In addition, the original Rule 907 Notice was "clearly erroneous" because Appellant raised an identical meritless claim regarding his sentence,

---

identified the claims presented in the Writ and PCRA as identical and stated that Appellant "produce[d] no evidence in support of his claim." Rule 907 Notice, dated 8/11/16, at 1.

cognizable under the PCRA, in both his PCRA and Writ. ***See McCandless***, 880 A.2d at 1268.

Moreover, we may affirm on any grounds supported by the record. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it."). We will not fault the PCRA court for identifying an erroneous legal conclusion after more closely reviewing the pleadings and correcting it accordingly.[6]

In sum, the PCRA court properly dismissed Appellant's sixth PCRA Petition as untimely. ***See*** PCRA Court Opinion at 1. The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.[7]

Order affirmed.

---

[6] Notably, this Court's prior decisions holding that Appellant is serving a life sentence for Second-Degree Murder constitute binding precedent. ***See***, ***e.g.***, ***Commonwealth v. Alderman***, No. 255 PHL 1992 (Pa. Super. filed Mar. 11, 1993) (unpublished memorandum); ***Commonwealth v. Alderman***, No. 1783 EDA 2000 (Pa. Super. filed Dec. 22, 2000) (unpublished memorandum).

[7] We do not address the substance of Appellant's untimely PCRA Petition because we do not have jurisdiction. In addition to the timeliness issues with this sixth Petition filed decades after Appellant's original conviction, the DC-300B Form upon which Appellant relied as "newly discovered evidence" contains signatures and stamps from June of 1991. Appellant makes no effort to plead or prove that he was duly diligent or explain how and when he learned of this "newly discovered evidence."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/18