**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Thomas McCANDLESS, Appellee.**

Superior Court of Pennsylvania.

Argued March 2, 2004.

Filed Aug. 3, 2005.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com., appellant.

Michael C. Schwartz, Philadelphia, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT, STEVENS, ORIE MELVIN, LALLY–GREEN, TODD, GANTMAN, McCAFFERY and PANELLA, JJ.

GANTMAN, J.:

¶ 1 The Commonwealth of Pennsylvania appeals the pretrial order entered in the Philadelphia County Court of Common Pleas, which granted Appellee Thomas McCandless' motion *in limine* to exclude the preliminary hearing testimony of an unavailable Commonwealth witness at Appellee's retrial. Specifically, the trial court determined Appellee had been denied a full and fair opportunity to cross-examine the witness at Appellee's preliminary hearing. The case is now before us on remand from our Supreme Court "for a determination by the [C]ourt as to whether the Commonwealth waived application of the law of the case doctrine by having failed to raise and preserve the issue in the trial court." *See Commonwealth v. McCandless,* 569 Pa. 507, 805 A.2d 1211 (2002) (Per Curiam Order). We hold that, by virtue of the Commonwealth's motion for reconsideration and its Rule 1925(b) statement, the trial court was on sufficient notice of this Court's prior decision; thus, the application of the law of the case doctrine was adequately preserved for review. Accordingly, we reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this case are summarized as follows:

[Appellee] was found guilty of first-degree murder in 1982. The evidence against him included the preliminary hearing testimony of John Barth, whom the trial court deemed unavailable at time of trial. On direct appeal from his judgment of sentence, [Appellee] claimed that the trial court erred in admitting Barth's preliminary hearing testimony. The basis for the claim was twofold. First, [Appellee] claimed that the Commonwealth did not establish, as was required, that Barth was unavailable (claim # 1). Second, [Appellee] claimed that even if unavailability was established, he was not given an adequate opportunity to cross-examine Barth at the preliminary hearing, thus precluding admission of the testimony (claim # 2). Both errors, alleged [Appellee], constituted a violation of his rights under the Sixth Amendment to the United States Constitution, specifically, the Confrontation Clause.

[Appellee] relied on the well-established rule that in order for an absent witness' preliminary hearing testimony to be admissible at trial, 1) the witness must be unavailable despite the Commonwealth's good faith effort to procure him for trial and 2) the defendant must have had a full and fair opportunity to cross-examine the witness at the preliminary hearing.

This [C]ourt rejected [Appellee's] claim[s] and adopted the trial court's assessment of the issue. In its opinion, the trial court found that the Commonwealth made a good faith effort to make Barth available for trial and, further, that [Appellee] had a full and fair opportunity to cross-examine Barth at the preliminary hearing. In making the latter finding, the court explicitly considered [Appellee's] claim that he was "prevented from asking [Barth] questions about any agreements or deals he had made with the Commonwealth, any prior statements he had given to the authorities, and any prior convictions for crimes involving dishonesty." The trial court found, upon review of the record, that Barth's statement, deal and criminal his-

tory were adequately explored on cross-examination [at the preliminary hearing].

Finding no success in this [C]ourt, [Appellee] thereafter sought *allocatur*, but our [S]upreme [C]ourt denied his request. In September of 1992, Barth committed suicide while in a Philadelphia jail cell. In 1996, [Appellee] filed a *habeas corpus* petition in federal district court.[1] Again he challenged the admission of Barth's preliminary hearing testimony, once more asserting claims #1 and #2. The district court denied relief, but on appeal, the Third Circuit Court of Appeals ruled that [Appellee] was entitled to a new trial because it found merit in claim #1, that Barth was not legally unavailable. The federal appeals court held that the Commonwealth **did not** make a good faith effort to procure Barth's presence at trial, thus the state court finding that Barth was unavailable was flawed. Despite the fact that claim #2, the issue of "full and fair opportunity," was also before the federal appeals panel, it declined to address it. Its rationale for doing so was based on procedural rules and reflected the limited nature of federal *habeas* relief.

\* \* \*

The Third Circuit Court of Appeals held that [Appellee] clearly exhausted his state remedies with respect to claim #1. Thus, he was entitled to federal *habeas* review of that claim and the federal appellate court, in fact, granted him relief on that basis. However, the federal court found that the exhaustion requirement was not established with respect to claim #2.

\* \* \*

[T]he federal appellate court declined to address claim #2 based on some combination of procedural default and irrelevance, but its ruling was nonetheless clear: it "address[ed] **only** the issue of whether Barth was constitutionally unavailable."

\* \* \*

[T]he federal *habeas* relief granted to [Appellee] was a new trial and, ultimately, he appeared before the Philadelphia Court of Common Pleas for that purpose. The Commonwealth again sought to use Barth's preliminary hearing testimony and [Appellee] once more sought to preclude it.

Naturally, Barth's unavailability was not at issue as his death made him undeniably unavailable. Rather, [Appellee's] motion [*in* ] *limine* focused on claim #2, the full and fair opportunity issue. He asked the trial court to deny admission of Barth's testimony on that basis. The trial court held a hearing on the motion and ultimately ruled that [Appellee] had not been given a full and fair opportunity to cross-examine Barth. The trial court found that preclusion was warranted because at the time of Barth's cross-examination, [Appellee] did not have access to Barth's statement to police nor did he have copies of Barth's criminal history or the agreement Barth struck with the Commonwealth in exchange for his testimony.

*Commonwealth v. McCandless,* 778 A.2d 713, 714–16 (Pa.Super.2001) (internal citations and quotations omitted). Consequently, the Commonwealth filed a motion for reconsideration, in which it made the following claim:

---

1. On January 31, 1996, Appellee filed a *pro se* petition for collateral relief under the Post–Conviction Relief Act ("PCRA") at 42 Pa. C.S.A. §§ 9541–9546. The court appointed counsel to assist Appellee. Six days later, Appellee withdrew his PCRA petition, and the court dismissed it per Appellee's request on April 8, 1996.

In addition to those arguments already made, it is submitted that [Appellee] waived his right to claim any *Bazemore*-type violation long before this court was called upon to review the matter. Such a claim was among those raised on direct appeal to the State Superior Court. When the Superior Court ruled in the Commonwealth's favor, [Appellee] sought [*allocatur*]. In his [*allocatur*] petition he abandoned his *Bazemore*-type claim. Because of that decision, [Appellee] waives any right that he may have had to later relitigate the issue in the event a new trial were to be granted.

(Commonwealth's Motion for Reconsideration at ¶ 5).[2] The trial court denied the Commonwealth's petition for reconsideration, and the Commonwealth immediately filed an appeal. Subsequently, the Commonwealth filed a timely Rule 1925(b) statement, including as its issue whether the "lower court erred in suppressing the former testimony of a witness who is now unavailable." (Commonwealth's Rule 1925(b) Statement).

¶ 3 On appeal, this Court indicated the law of the case survives a grant of *habeas* relief on any issue not addressed by the federal court. *McCandless, supra* at 718. As a result, this Court vacated the order granting Appellee's motion *in limine* and remanded for a new trial. Appellee then filed a petition for allowance of appeal. In 2002, our Supreme Court vacated this Court's order and remanded for consideration of whether the Commonwealth waived application of the law of the case doctrine by having failed to raise and preserve the issue in the trial court.

¶ 4 Upon remand, a three-judge panel of this Court held the Commonwealth's motion for reconsideration sufficiently raised the law of the case claim. Thus, the panel determined the Commonwealth had not waived application of the doctrine. Subsequently, Appellee requested and was granted *en banc* reconsideration of the sole issue on remand. That issue is now before us for an *en banc* decision:

> DID THE COMMONWEALTH "WAIVE" THIS COURT'S PREVIOUS FINAL RULING THAT [APPELLEE] HAD A FULL AND FAIR OPPORTUNITY TO CROSS–EXAMINE THE DECEASED WITNESS AT THE PRELIMINARY HEARING, WHERE THE EFFECT OF THE PRIOR RULING COULD NOT BE WAIVED AS A MATTER OF LAW, AND IN ANY EVENT WAS ADEQUATELY PRESENTED TO THE [TRIAL] COURT?

(Commonwealth's Substituted Brief for *En Banc* Reargument on Remand at 4).

■ ¶ 5 The Commonwealth argues the law of the case doctrine cannot be waived, because the doctrine is a principle of *stare decisis* and not subject to waiver. Likewise, the Commonwealth emphasizes the trial court does not have the authority to revisit and/or overturn a decision of the appellate court on the same issue in the same case. The Commonwealth further notes the federal court addressed only the issue of Barth's availability at trial, but specifically declined to reach the issue of whether Appellee had had a full and fair opportunity to cross-examine Barth at Appellee's preliminary hearing. Essentially, the Commonwealth maintains this Court's prior decision remains intact and is con-

---

**2.** The Commonwealth is referring to *Commonwealth v. Bazemore*, 531 Pa. 582, 614 A.2d 684 (1992), which holds the preliminary hearing testimony of an unavailable Commonwealth witness is not admissible at trial, where the Commonwealth did not disclose "vital impeachment" evidence to the accused prior to the preliminary hearing; thus, the accused did not have a full and fair opportunity to cross-examine the witness.

trolling law on the issue of Appellant's full and fair opportunity to cross-examine Barth at the preliminary hearing.

¶ 6 Moreover, the Commonwealth contends it sufficiently alerted the trial court to the controlling effect of this Court's prior decision and maintains it properly preserved the law of the case issue in its motion for reconsideration, even though it did not use the words, "law of the case." Besides, the Commonwealth contends no "vital impeachment" evidence was withheld before the preliminary hearing. Thus, in accordance with *Bazemore*, Appellee had a full and fair opportunity to cross-examine Barth at that hearing. Therefore, the Commonwealth concludes this Court should reverse the trial court's pretrial ruling to the contrary.

¶ 7 Appellee contends the Commonwealth did not timely or adequately raise the law of the case doctrine either in its motion for reconsideration or in its Rule 1925(b) statement of matters complained of on appeal. Hence, Appellee maintains the Commonwealth failed to preserve this issue for appellate review. Appellee submits the law of the case doctrine is not identical to the issue the Commonwealth raised in the trial court. Appellee suggests the law of the case doctrine can be waived because the nature of the doctrine is not jurisdictional; it is policy driven. As a result, Appellee concludes the Commonwealth waived the sole issue presented for appellate review, the appeal should be dismissed, and the decision of the trial court should be reinstated and affirmed.[3]

■■■ ¶ 8 We begin our analysis with a review of the following doctrine:

The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.... The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy...but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Commonwealth v. Starr*, 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995) (internal citations and quotation marks omitted). Under the law of the case doctrine, a trial court cannot overrule the holding of this Court upon remand proceedings. *Id.* "A [trial] court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." *Commonwealth v. Williams*, 2005 PA Super 217, 877 A.2d 471, 475 (2005). Additionally, the law of the case doctrine applies when a defendant is granted a new trial and precludes the defendant from re-litigating the admissibility of evidence when the same issue was already raised and previously decided adversely to the defendant. *Commonwealth v. McEnany*, 732 A.2d 1263, 1267 (Pa.Super.1999), *appeal granted*, 562 Pa. 667, 753 A.2d 816 (2000), *appeal dismissed as im-*

**3.** Appellee also argues the Commonwealth failed to satisfy several requirements under the Pennsylvania Rules of Appellate Procedure, including: providing page citations in its Rule 1925(b) statement to the notes of testimony, citing to the record to establish the issue was properly raised, and completing the record. Appellee concludes these flaws constitute additional grounds to dismiss. Due to our disposition, we need not decide these complaints.

*providently granted,* 565 Pa. 138, 771 A.2d 1260 (2001).[4]

■■ ¶ 9 Under Pennsylvania law, the doctrine of law of the case does not have an absolute preclusive effect. *Benson v. Benson,* 425 Pa.Super. 215, 624 A.2d 644, 647 (1993), *appeal denied,* 536 Pa. 637, 639 A.2d 22 (1994). Most jurisdictions similarly hold the law of the case doctrine is not an absolute rule. *See, e.g., State v. Moeck,* 280 Wis.2d 277, 695 N.W.2d 783, 789 (2005) (holding law of case doctrine is not "absolute rule that must be inexorably followed in every case"); *Owen v. State,* 862 So.2d 687, 694 (Fla.2003) (stating law of case doctrine is not absolute mandate); *State v. Jefferson,* 31 S.W.3d 558, 561 (Tenn.2000) (noting law of case doctrine is "discretionary rule of judicial practice"); *State v. Presler,* 731 A.2d 699, 703 (R.I.1999) (noting law of case "does not have the finality of *res judicata*"); *Zawodniak v. State,* 339 Ark. 66, 3 S.W.3d 292, 294 (1999) (stating law of case doctrine is not inflexible and does not absolutely preclude error); *Sherley v. Commonwealth,* 889 S.W.2d 794, 797 (Ky.1994) (indicating courts "are not absolutely bound by law of case doctrine and may exercise discretion in its application"); *People v. Stanley,* 10 Cal.4th 764, 42 Cal. Rptr.2d 543, 897 P.2d 481, 492–93 (1995), *cert. denied,* 517 U.S. 1208, 116 S.Ct. 1825, 134 L.Ed.2d 930 (1996) (holding law of case doctrine is procedural and does not go to jurisdiction of court); *People v. Herrera,* 204 Mich.App. 333, 514 N.W.2d 543, 547 (1994) (stating law of case doctrine is not inflexible). Thus, contrary to the Commonwealth's suggestion, a law of the case claim is subject to waiver.

■ ¶ 10 Moreover, this Court explained:

The doctrine of "the law of the case" is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata.* "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata;* one directs discretion, and the other supercedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

*Benson, supra* at 647 (quoting *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 393, 100 A.2d 595, 598 (1953)). Hence, the law of the case doctrine might not apply under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was "clearly erroneous" and "would create a manifest injustice if followed." *Starr, supra* at 575–76, 664 A.2d at 1332.

■ ¶ 11 Ordinarily, "[i]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Baker,* 556 Pa. 427, 430, 728 A.2d 952, 953 (1999). "One of the main purposes of the waiver doctrine is

4. The issue in the present case involves the admissibility of Barth's preliminary hearing testimony. For our purposes, it does not matter whether the admissibility of that evidence was litigated in a pre-trial motion to suppress or a pre-trial motion *in limine* to preclude the evidence.

to ensure that the appellate court is provided with the benefit of the trial court's reasoning." *Commonwealth v. Santiago,* 822 A.2d 716, 723 (Pa.Super.2003), *appeal denied,* 577 Pa. 679, 843 A.2d 1237 (2004), *cert. denied,* —— U.S. ——, 124 S.Ct. 2916, 159 L.Ed.2d 820 (2004). Nevertheless, this Court has previously held that simple delay in raising the law of the case doctrine before the trial court until a motion for reconsideration does not constitute waiver. *Id.*

¶ 12 In *Santiago, supra,* this Court faced a substantially similar situation where the Commonwealth raised the law of the case doctrine for the first time in a motion for reconsideration of the trial court's ruling. The *Santiago* Court held the Commonwealth did not waive its law of the case claim merely because it had raised the claim for the first time in a motion for reconsideration. *Id.* at 723 (stating, "Courts have declined to find waiver even where objection was not made in a procedurally proper manner"). The Court noted the "better practice is to raise such an issue at the earliest time possible so as not to waste judicial resources." *Id.* at n. 3.

▇▇▇▇ ¶ 13 Finally, when a trial court orders a Rule 1925(b) statement of matters complained of on appeal, the statement must specify the error to be addressed on appeal. *Commonwealth v. Dowling,* 778 A.2d 683 (Pa.Super.2001).

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to

identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Id.* at 686–87 (internal citations and quotation marks omitted).

▇▇▇ ¶ 14 In the instant case, we initially reject the Commonwealth's argument that the law of the case doctrine is an absolute rule. To the contrary, the law of the case doctrine can be waived as well as displaced or overridden under exceptional circumstances. *See Benson, supra.* Accordingly, we will not give this claim any further attention.

¶ 15 Moreover, we note this Court decided the issue of full and fair opportunity on direct appeal from Appellee's judgment of sentence. This Court held Appellee had a full and fair opportunity to cross-examine Barth at the preliminary hearing. Appellee did not raise the full and fair opportunity claim in his petition for allowance of appeal to our Supreme Court. However, Appellee resurrected the full and fair opportunity issue before the federal court. The federal court specifically declined to address it, noting the issue was procedurally defaulted, because Appellee had not exhausted his state remedies on that claim. Nevertheless, the federal court remanded the case to the Court of Common Pleas for a new trial on other grounds (availability of the witness).

¶ 16 Before his second trial, Appellee filed a motion *in limine* to preclude Barth's preliminary hearing testimony, once again contending he had not had a full and fair opportunity to cross-examine Barth at the preliminary hearing. Notwithstanding this Court's prior holding, the trial court focused its analysis on the merits of the issue, which were not properly before the court. The trial court then ruled in Appellee's favor and precluded

Barth's preliminary hearing testimony as evidence.

¶ 17 In its motion for reconsideration, the Commonwealth brought two critical points to the trial court's attention. First, the Commonwealth alerted the trial court that there was a prior appellate ruling on the *Bazemore* claim. Second, the Commonwealth informed the trial court that Appellee had abandoned the *Bazemore* claim in his petition for review with the state Supreme Court, thereby waiving any right he might have had to later relitigate the issue in the event the Supreme Court granted him a new trial. Although the Commonwealth raised these matters for the first time in a motion for reconsideration, the delay does not constitute waiver. *See Santiago, supra.* Granted, the Commonwealth's motion for reconsideration used a form of legal shorthand when it referred to Appellee's issue as a *Bazemore* claim. Regardless, we conclude it was sufficient to put the trial court on notice that this Court had previously ruled on the full and fair opportunity issue and that Appellee had waived further review before the Supreme Court. Under those circumstances, the trial court had no authority to revisit the merits of the question. *See Williams, supra.*

¶ 18 Significantly, the only issue before the trial court was the propriety of its ruling on the full and fair opportunity question. The court wrote an opinion in support of its decision on the merits of the issue and basically denied and ignored the substance of the Commonwealth's motion for reconsideration. Therefore, we conclude the Commonwealth's Rule 1925(b) statement was sufficient to permit review and avoid waiver, because there was only one obvious appealable issue.

¶ 19 Based on the foregoing, we hold that, by virtue of the Commonwealth's motion for reconsideration and its Rule 1925(b) statement, the trial court was on sufficient notice of this Court's prior decision; thus, the application of the law of the case doctrine was adequately preserved for review. Accordingly, we reverse the court's order and remand for further proceedings.

¶ 20 Order reversed; case remanded. Jurisdiction is relinquished.