J-S55045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES W. SMITH, | : | |
| | : | |
| Appellant | : | No. 826 WDA 2015 |

Appeal from the Judgment of Sentence Entered May 14, 2015,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No.: CP-26-CR-0000045-2012

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 28, 2015**

Charles W. Smith (Appellant) appeals from the judgment of sentence entered following his convictions for two counts of persons not to possess firearms and one count each of criminal conspiracy, possession with intent to deliver (PWID), simple possession, possession of drug paraphernalia, and contempt of court. Upon review, we affirm.

Appellant was convicted of the aforementioned crimes on November 6, 2012.[1] On that same date, Appellant was sentenced to a flat six-month term of incarceration for the contempt conviction. On December 6, 2012, he was sentenced on the remaining convictions to an aggregate term of 7 to 14

---

[1] A jury convicted Appellant of all the above crimes except contempt of court. The trial court found Appellant in contempt based on an outburst he had in the courtroom after the jury returned its verdicts.

*Retired Senior Judge assigned to the Superior Court.

years of incarceration, to be served consecutively to his sentence for the contempt conviction.

Appellant appealed to this Court, arguing that the trial court erred in denying his request for a missing witness instruction after the Commonwealth failed to call its confidential informant as a witness. On June 16, 2014, this Court rejected Appellant's argument, concluding that the confidential informant's testimony would have been immaterial and cumulative and that Appellant had failed to establish prejudice. *Commonwealth v. Smith*, 105 A.3d 33 (Pa. Super. 2014) (unpublished memorandum at 5-6). Notwithstanding this conclusion, we vacated Appellant's judgment of sentence with respect to all of his convictions and remanded for resentencing on the basis that the flat six-month sentence Appellant received for his contempt conviction was illegal. *Id.* at 6-7.

Upon being resentenced, Appellant filed another appeal to this Court, reasserting his argument that the trial court erred in denying Appellant's request for a missing witness instruction. On February 19, 2015, this Court again rejected Appellant's claim, explaining that it was outside the scope of this Court's previous limited remand order and that we would not alter this Court's prior decision on the issue pursuant to the law of the case doctrine. *Commonwealth v. Smith*, 1259 WDA 2014 (Pa. Super. filed February 19, 2015) (unpublished memorandum at 11-15). Nevertheless, we again

vacated Appellant's judgment of sentence in its entirety and remanded for resentencing, concluding that, *inter alia*, the trial court had failed to comply with the "remand instructions to resentence Appellant on **all** of his convictions." ***Id.*** at 7-8, 15 (emphasis in original).

Appellant has since been resentenced,[2] and he has timely filed a third appeal — the one currently before us — challenging the trial court's denial of his request for a missing witness instruction. For the same reasons discussed in our February 19, 2015 decision, Appellant is not entitled to relief. ***See Commonwealth v. Smith***, 1259 WDA 2014 (Pa. Super. filed February 19, 2015) (unpublished memorandum at 11-15). That is, Appellant's issue is outside the scope of both of the previous remand orders from this Court, and our June 16, 2014 decision rejecting Appellant's claim remains the law of the case.[3] Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[2] The trial court resentenced Appellant to three to six months of incarceration for the contempt conviction and an aggregate 5 ½ to 11 years of incarceration for the remaining convictions, to be served concurrently with the sentence for the contempt conviction.

[3] Again, Appellant has failed to provide any exceptional circumstances precluding application of the law of the case doctrine. ***See Commonwealth v. McCandless***, 880 A.2d 1262, 1268-69 (Pa. Super. 2005) (*en banc*) (explaining that "the law of the case doctrine might not apply under exceptional circumstances").

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/28/2015