J-S02042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS ANTHONY RUTTER, | : | |
| | : | |
| Appellant | : | No. 965 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 27, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000287-2015

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: MARCH 2, 2020**

Marcus Anthony Rutter ("Rutter") appeals from the judgment of sentence imposed, following a remand from this Court for resentencing and an open guilty plea to murder of the first degree, conspiracy to commit murder of the first degree, burglary, robbery, receiving stolen property, and access device fraud.[1] We affirm.

This Court previously summarized the factual and procedural history as follows:

> [I]n the early morning of December 15, 2014, [Rutter], who was sixteen years old at the time, and an accomplice, burglarized the home of a thirty-two[-]year[-]old woman. [Rutter] and his accomplice sexually assaulted and brutally beat, stabbed, and strangled the victim until she died.
>
> ….

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, 3502(a)(1), 3701(a)(1)(iv), 3925(a), 4106(a)(1)(i).

On July 11, 2016, [Rutter] entered an open guilty plea to [the above-mentioned crimes]. In exchange for pleading guilty, the Commonwealth withdrew the charges of theft by unlawful taking and involuntary deviate sexual intercourse; the charge of conspiracy to commit burglary was replaced with conspiracy to commit murder. The Commonwealth agreed that it would not seek a sentence of life without parole, but it was also agreed that the sentences on each count would be served consecutively.

On July 29, 2016, the trial court sentenced [Rutter] as follows: thirty-five to seventy years of incarceration for the murder conviction; ten to twenty years of incarceration for conspiracy; five and one-half to eleven years of incarceration for robbery; two to four years of incarceration for burglary; nine to twenty-four months of incarceration for receiving stolen property; and nine to twenty-four months of incarceration for access device fraud. The sentences [] were ordered to run consecutively. This resulted in an aggregated sentence of [54] to 109 years of incarceration.

[Rutter] filed a post-sentence [M]otion asking the trial court to reconsider and modify the sentence. The trial court denied [Rutter]'s post-sentence [M]otion on November 3, 2016, and [Rutter filed a timely Notice of Appeal].

*Commonwealth v. Rutter*, 179 A.3d 591 (Pa. Super. 2017) (unpublished

memorandum at 1) (citations to record omitted).

On direct appeal, Rutter raised the following claims:

I. Is the aggregate sentence of the trial court the functional equivalent of a life sentence, affording [Rutter] no meaningful opportunity for release, and a violation of the Eighth and Fourteenth Amendments to the United States Constitution?

II. Was the trial court's imposition of what amounts to a *de facto* life sentence a violation of the agreement of the parties that the court could not impose a sentence of life without parole?

III. Did the trial court err[] in finding that [Rutter] was "irretrievably depraved, irreparably corrupt, and permanently incorrigible," where this finding was not supported by competent evidence of record or any expert witness, the finding was improperly based on shifting the burden of proof to [Rutter] to

prove that he would not engage in future criminal conduct, and the finding was used to justify a *de facto* life sentence, despite the court's contradictory finding that [Rutter] "possesses the capacity for change"?

IV. In imposing sentence, did the trial court rely on numerous erroneous findings of fact which were unsupported, or contradicted, by the record, including errors of fact in applying the [***Miller v. Alabama***, 567 U.S. 460 (2012),] youth factors and in considering the factors set forth in 18 Pa.C.S.[A.] § 1102.1, and did the court's reliance on these erroneous findings of fact in imposing sentence demonstrate the court's bias, and was it an abuse of the court's discretion in imposing sentence?

V. Was the aggregate sentence of 54 to 109 years so manifestly excessive as to constitute too severe a punishment, and clearly unreasonable under the circumstances; further, did the trial court focus exclusively on the nature of the offenses, despite the clear dictates of ***Roper***, ***Miller*** and ***Montgomery***,[FN] that the nature of the offense cannot be permitted to overshadow the possibility of rehabilitation in cases of juvenile offenders?

_____

[FN] ***Roper v. Simmons***, 543 U.S. 551 … (2005) (holding that the Eighth Amendment to the United States Constitution prohibits the death penalty for a crime committed by a juvenile); ***Miller v. Alabama***, 567 U.S. 460 … (2012) (concluding that mandatory sentences of life without parole for juveniles violates the Eighth Amendment's prohibition on cruel and unusual punishment); ***Montgomery v. Louisiana***, … 136 S.Ct. 718 … (2016) (finding that [] ***Miller*** announced a new substantive rule of constitutional law that applies retroactively and clarifying the limited circumstances in which a sentence of life without parole is permissible for a crime committed by a juvenile).

***Id.*** at 2.

On Rutter's first four claims, this Court held that Rutter's sentence was not a *de facto* life sentence and did not violate the terms of his plea agreement, and therefore, lacked merit. ***See id.*** at 2-4. On Rutter's fifth claim, this Court held that Rutter's minimum sentence was legal, and not an

abuse of discretion, but his maximum sentence of 70 years in prison violated the holding in **Commonwealth v. Seskey**, 170 A.3d 1105 (Pa. Super. 2017), that "an individual between the ages of fifteen and seventeen who was convicted of first-degree murder after June 24, 2012, must be sentenced to a maximum term of life imprisonment." **Rutter**, 179 A.3d 591 (unpublished memorandum at 4) (citing **Seskey**, 170 A.3d at 1109).  As a result, this Court vacated Rutter's judgment of sentence, and remanded for resentencing. **Id.** at 4.  The Pennsylvania Supreme Court denied Rutter's Petition for allowance of appeal. **Commonwealth v. Rutter**, 182 A.3d 997 (Pa. 2018) (unpublished *per curiam* order).

On remand, the trial court sentenced Rutter to 35 years to life in prison for murder of the first degree, 2 to 4 years in prison for burglary, 10 to 20 years in prison for conspiracy to commit murder of the first degree, 5½ years to 11 years for robbery, 9 months to 2 years in prison for receiving stolen property, and 9 months to 2 years for access device fraud.  The trial court ordered the sentences to run consecutively, for an aggregate term of 54 years to life in prison.[2]  Rutter filed a timely post-sentence Motion to reconsider and modify his sentence, which the trial court denied.  Rutter filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

_____

[2] Rutter's sentence on remand is identical to his original sentence, with the exception of his maximum sentence of 109 years being replaced with a life sentence.

Rutter presents the following questions for our review:

I. Is the aggregate sentence of the trial court the functional equivalent of a life sentence, affording [] Rutter no meaningful opportunity for release, and a violation of the Eighth and Fourteenth Amendments to the United States Constitution?

II. Was the trial court's imposition of a *de facto* life sentence a violation of the plea agreement, which prohibited the court from imposing a sentence of life in prison without parole?

III. Is the aggregate sentence of 54 years to life so manifestly excessive as to constitute too severe a punishment, clearly unreasonable under the circumstances, failing to account for [] Rutter's significant efforts at rehabilitation since his incarceration in state prison, and relying almost exclusively on the nature of the offenses and the harm to the victims and the community; further, were the trial court's factual findings in support of the sentence imposed unsupported by the record?

Brief for Appellant at 8.

Preliminarily, we address the law of the case doctrine.

The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter…. The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy…but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

\* \* \*

[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. … [This rule] is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. The prior ruling may have been

followed as the law of the case[,] but there is a difference between such adherence and *res judicata*; one directs discretion, and the other supercedes it and compels judgment. In other words, in one it is a question of power, in the other of submission. The rule of the law of the case is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

Hence, the law of the case doctrine might not apply under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was "clearly erroneous" and "would create a manifest injustice if followed."

***Commonwealth v. McCandless***, 880 A.2d 1262, 1267 (Pa. Super. 2005) (citations, quotation marks omitted).

Rutter's claims in the case *sub judice* are identical to those raised and addressed by this Court prior to remand.[3] ***See Rutter***, 179 A.3d 591 (unpublished memorandum at 2). There, we ruled that Rutter's claims lack merit. ***See id.*** Since our review of the record reveals that the prior ruling was not clearly erroneous, ***see McCandless***, ***supra***, we affirm.

Judgment of sentence affirmed.

_____

[3] We note that Rutter's instant third claim incorporates the third, fourth and fifth claims from his prior appeal, and only differs to the extent that the instant third claim challenges his maximum life sentence, whereas his prior claims challenged his 109-year maximum sentence. However, our prior decision thoroughly addressed this issue, finding that Rutter is subject to a mandatory maximum sentence of life in prison. ***See Rutter***, 179 A.3d 591 (unpublished memorandum at 4).

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2020