J-S33005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
                                       :

         v.                          :

JOSEPH PATTERSON               :

         Appellant       :  No. 517 EDA 2021

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006519-2012

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:       **FILED NOVEMBER 19, 2021**

Joseph Patterson appeals from the March 15, 2019 order dismissing his petition for relief under the Post-Conviction Relief Act ("PCRA").  After careful review, we quash this appeal as premature.

The procedural history of this case was well-summarized by a prior panel of this Court in a non-precedential decision adjudicating Appellant's appeal from the same underlying PCRA proceeding.  *See Commonwealth v. Patterson*, 245 A.3d 1116 (Pa.Super. 2020) (non-precedential decision).  In pertinent part, Appellant entered a negotiated guilty plea on September 18, 2012, to one count each of attempted murder and possession of an instrument of crime, in exchange for an aggregate sentence of incarceration of twelve to twenty-four years.  Appellant did not seek direct review with this Court.

Appellant timely filed *pro se* a PCRA petition.  PCRA counsel filed an amended petition alleging that trial counsel was ineffective for inducing

Appellant to plead guilty and failing to investigate his mental health history. The PCRA court held an evidentiary hearing, and on March 15, 2019, entered an order dismissing Appellant's PCRA petition and permitting PCRA counsel to withdraw.[1]  Appellant did not appeal that order.

On June 27, 2019, the PCRA court *sua sponte* vacated its March 15, 2019 order and entered another order dismissing Appellant's PCRA petition.[2] Appellant filed a notice of appeal to this Court from the June 27, 2019 order. Before reaching the merits of Appellant's appeal, this Court first addressed whether the PCRA court had the authority to issue the June 27, 2019 order, and therefore whether this Court had jurisdiction to entertain the appeal.

> In the instant case, there is no evidence of record that the PCRA court's March 15, 2019 order was the product of fraud, nor is there any evidence of record indicating that the March 15, 2019 order was contradictory or was vacated to correct any obvious or patent mistakes.  On October 22, 2020, this court directed the PCRA court to file a supplemental Pa.R.A.P. 1925(a) opinion explaining why it vacated its March 15, 2019 order on June 27, 2019, and then immediately entered the same dismissal order with the later date. The PCRA court has not complied with our directive.

---

[1] This latter portion of the order appears to be a mistake as instant PCRA counsel did not seek to withdraw.

[2] The June 27, 2019 order does not appear in the certified record.  In its Rule 1925(a) opinion for the instant appeal, the PCRA court provided the following explanation for vacating the March 15, 2019 order: "For reasons related to an unfounded fear that [Appellant] had not received timely notice of his right to appeal, we vacated our March 15, 2019 Order and entered a new dismissal order dated June 27, 2019."  PCRA Court Opinion, 7/20/21, at 3.

*Patterson*, *supra* (non-precedential decision at 2). Concluding that Appellant's notice of appeal was untimely filed from the March 15, 2019 order, this Court quashed the appeal. *Id*.

On February 17, 2021, Appellant filed a petition to reinstate his PCRA appellate rights. The PCRA court granted Appellant's petition and reinstated his right to file an appeal from the March 15, 2019 dismissal of his PCRA petition *nunc pro tunc*. This appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. The PCRA court complied with Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following issues:

I.   Whether the PCRA court erred in not finding the guilty plea of the Appellant was not unlawfully induced.

II.  Whether the PCRA court erred in not finding trial counsel was ineffective for causing the Appellant to enter an involuntary or unknowing guilty plea.

Appellant's brief at 8.

We must first determine if this appeal is properly before us because the petition seeking *nunc pro tunc* relief appears to have been filed beyond the PCRA time bar.[3] It is well established that "[a]n untimely petition renders this Court without jurisdiction to afford relief." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). All requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness

---

[3] Since the timeliness of a PCRA petition is jurisdictional, it must be addressed and can be raised by this Court *sua sponte*. *See Commonwealth v. Fairiror,* 809 A.2d 396 (Pa.Super. 2002).

requirements of the PCRA. ***Commonwealth v. Fairiror***, 809 A.2d 396, 397 (Pa.Super. 2002) ("Appellant's . . . petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second (and untimely) PCRA petition."). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Taylor***, ***supra*** at 468 (citations omitted).

Appellant's judgment of sentence became final in 2012. His February 17, 2021 petition seeking reinstatement of his PCRA appellate rights therefore appears to be facially untimely. The PCRA provides three exceptions to the one-year time bar, and it is the petitioner's burden to plead and prove the applicability of any of the exceptions. 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant did not invoke any of the timeliness exceptions in his 2021 petition. Instead, he recounted the procedural history of the case and sought reinstatement. Having failed to plead or prove an applicable timeliness exception the PCRA's one-year time bar, the PCRA court would have lacked jurisdiction to restore Appellant's PCRA appellate rights *nunc pro tunc*. While normally this failure would result in us quashing the instant appeal as untimely filed, our review of the certified record leads us to conclude that this appeal must instead be quashed because Appellant has not appealed from a final, appealable order.

With one exception not applicable here, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). A criminal order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. *See* Pa.R.A.P. 108(a)(1), (d).

The March 15, 2019 order was not properly entered on the docket. The entry for the order lists it as an "Order Dismissing PCRA Petition," but states that the PCRA decision was being held under advisement and that Appellant did not need to appear at the next listing scheduled for May 15, 2019. The entry contains no indication that it was served as required by Pa.R.Crim.P. 908(D)(1),[4] let alone notation of the date upon which service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2).

_____

[4] The Rule provides:

> (D) Upon the conclusion of the hearing the judge shall determine all material issues raised by the defendant's petition and the Commonwealth's answer, or by the Commonwealth's motion to dismiss, if any.
>
> > (1) If the judge dismisses the petition, the judge promptly shall issue an order denying relief. The order shall be filed and served as provided in Rule 114.

*(Footnote Continued Next Page)*

Accordingly, we quash this appeal as premature.[5]  After the clerk of courts serves the order dismissing Appellant's PCRA petition in accordance with Pa.R.Crim.P. 908(D)(1) and notes such service on the docket as required by Rule 114(C), Appellant will have thirty days from the date of service to timely file a notice appeal.

Appeal quashed.


Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/19/2021</u>

---

Pa. R. Crim. P. 908 (D)(1).  We note that the March 15, 2019 order further fails to comply with Pa.R.Crim.P. 908(E), in that it lacks any information about Appellant's right to appeal or the time limitations for doing so.

[5] We observe that under the law of the case doctrine, "in a second appeal, this Court cannot change resolution of a legal question actually decided by a prior panel of this Court." **In re Estate of Elkins**, 32 A.3d 768, 769 (Pa.Super. 2011) (*en banc*).  The prior panel concluded the March 15, 2019 order did not contain any patent mistakes.  Insofar as this constitutes a ruling as to whether the order was properly docketed and therefore started the appeal clock running, we are not bound by that ruling because it was clearly erroneous and foreclosed Appellant's ability to seek appellate review of the dismissal of his first PCRA petition.  **See Commonwealth v. McCandless**, 880 A.2d 1262, 1268 (Pa.Super. 2005) (*en banc*) (noting the law of the case doctrine does not apply under exceptional circumstances, including where "the prior ruling was clearly erroneous and would create a manifest injustice if followed") (citations and quotation marks omitted).

- 6 -