J-S25042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER BOCELLI | : | |
| | : | |
| Appellant | : | No. 2971 EDA 2023 |

Appeal from the Order Entered October 26, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004064-1990

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 16, 2024**

Christopher Bocelli ("Bocelli") appeals pro se from the order entered by the Chester County Court of Common Pleas denying his "Petition to Correct/Amend Records Pursuant to 42 Pa.C.S. § 5505." Because the issues Bocelli raises in this appeal have been previously litigated, we affirm.

A prior panel of this Court aptly summarized the relevant procedural history of this case as follows:

> On July 19, 1991, a jury convicted Bocelli of first-degree murder, robbery, aggravated assault, and criminal conspiracy. Bocelli filed multiple post-trial motions, which the trial court ultimately denied on November 2, 1994. On February 8, 1995, the trial court sentenced Bocelli to life imprisonment. Relevant to this appeal, the trial court completed two court commitment forms for the DOC. The first, dated November 21, 1991, read that Bocelli pled guilty to homicide and would be sentenced to life imprisonment. *See* Court Commitment Form ("November Form"), 11/21/91. The second, dated February 13, 1995, read that Bocelli had been found guilty of criminal homicide-first degree murder and would be sentenced to life without parole. *See* Court

Commitment Form ("February Form"), 2/13/95. This Court affirmed the judgment of sentence and our Supreme Court denied Bocelli's petition for allowance of appeal. ***Commonwealth v. Bocelli***, 671 A.2d 766 (Table) (Pa. Super. 1995) (unpublished memorandum), 677 A.2d 838 (Table) (Pa. 1996).

Following numerous, unsuccessful Post Conviction Relief Act ("PCRA") proceedings, Bocelli filed [a] pro se "Petition for Writ of Habeas Corpus." Petition for Writ of Habeas Corpus ("Petition"), filed 2/24/21. Bocelli claimed that his judgment was "null and void" because the record did not contain evidence that he pled guilty or "that a verdict of guilt at homicide" was received. ***Id.*** at 7. Bocelli argued that the court commitment form "presents an irregularity" because Bocelli did not plead guilty and did not enter into a plea agreement with the Commonwealth. ***Id.*** at 9. He also argued that because the box for a guilty plea was checked, instead of the one for a guilty verdict, the form is void and his detention is illegal. The court denied the petition concluding that it was "patently frivolous" and "without merit." Trial Ct. Op., filed 4/7/21, at 10. It acknowledged that the November Form "had the box 'pleading guilty' checked instead of the box 'being found guilty' checked" but explained that "[a] clerical mistake also does not make the document null and void." ***Id.*** at 7. It went on to explain that the subsequent February Form "has the correct box of 'being found guilty' checked. Consequently, Bocelli's argument surrounding the 'pleading guilty' box being checked [is] moot." ***Id.*** at 9.

***Commonwealth v. Bocelli***, 893 EDA 2021, 2021 WL 5370829, at *1 (Pa. Super. Nov. 18, 2021) (non-precedential decision) (footnote and unnecessary capitalization omitted).

On October 2, 2023, Bocelli filed the instant "Petition to Correct/Amend Records Pursuant to 42 Pa.C.S. § 5505." Bocelli appeared to once again take issue with the Department of Corrections commitment forms. ***See*** Petition to Correct/Amend Records Pursuant to 42 Pa.C.S. § 5505, 10/2/2023, ¶¶ 1-7. In a related argument, he also appeared to allege that the trial court

improperly recorded the jury's verdict of guilt, and that consequently, he is entitled to the dismissal of his convictions and release from prison. ***See id.*** ¶¶ 9-24. The trial court rejected both claims. ***See*** Trial Court Opinion, 10/27/2023, at 3-7. First, the trial court determined that this Court had previously addressed Bocelli's claim regarding the Department of Corrections commitment form in its November 18, 2021 memorandum and on that basis, that claim was meritless. ***Id.*** at 3. With respect to Bocelli's claim regarding the recording of the verdict, the trial court concluded that this claim had likewise been repeatedly addressed by both the trial court and this Court, and that the record "is abundantly clear that each of the twelve jurors agreed with the finding of [Bocelli] guilty of murder in the first degree." ***Id.*** at 6 (citing ***Commonwealth v. Bocelli***, 955 EDA 2020, 2021 WL 424010, at *2 (Pa. Super. Feb. 8, 2021) (non-precedential decision)).

On appeal, Bocelli raises the same claims that he did before the trial court—-- that we should dismiss his convictions and order his release from prison because of the clerical error on the November Form and that the trial court improperly recorded the jury's verdict. ***See*** Bocelli's Brief at 3-8.[1]

---

[1] The remainder of Bocelli's brief is largely incomprehensible. He appears to argue that the trial court improperly permitted a juror to testify as a witness at trial. ***See*** Bocelli's Brief at 8-32. To the extent this is the argument he is attempting to make, he did not preserve the claim before the trial court and cannot raise it now on appeal. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

These claims are properly addressed as a writ of habeas corpus. The writ of habeas corpus "lies to secure the immediate release of one who has been detained unlawfully, in violation of due process." *Joseph v. Glunt*, 96 A.3d 365, 369 (Pa. Super. 2014). The writ "is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." *Id.* "[A]n appellate court will review a grant or denial of a petition for writ of habeas corpus for abuse of discretion, but for questions of law, our standard of review is de novo, and our scope of review is plenary." *Commonwealth v. McClelland*, 233 A.3d 717, 732 (Pa. 2020) (quoting *Commonwealth v. Judge*, 916 A.2d 511, 521 n.13 (Pa. 2007)).

As the trial court recognized, both claims that Bocelli raises on appeal have been previously addressed by this Court. In our November 18, 2021 memorandum, we determined that his claim relating to the discrepancies on his commitment forms did not afford him relief. *Bocelli*, 2021 WL 5370829 at *2. Specifically, we explained:

> [The trial court] addressed his claim about the November Form and agreed with him that the form incorrectly states that he pled guilty. It then reviewed the record of his trial and concluded that the February Form correctly states that Bocelli was found guilty and the November Form simply contained a clerical error. It explained that the clerical error in the November Form does not negate the fact that a jury found Bocelli guilty of the above offenses and the trial court sentenced him pursuant to those offenses. He is not being illegally detained.

*Id.*

Similarly, with respect to the recording of the verdict, this Court has repeatedly stated, throughout Bocelli's many appeals, that "[t]he certified record establishes a jury convicted [Bocelli] of first-degree murder, robbery, aggravated assault, and conspiracy." **Bocelli**, 2021 WL 424010, at *2 (quoting **Commonwealth v. Bocelli**, 1386 EDA 2015, at 5-6 (Pa. Super. Feb. 19, 2016) (non-precedential decision)). As this Court has previously rejected the issues Bocelli raises in his current appeal, we need not address them further. **See Commonwealth v. McCandless**, 880 A.2d 1262, 1267-68 (Pa. Super. 2005) ("The doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling[.]").

The record and decisional case law in this matter are clear that the issues Bocelli has raised in this appeal have been previously raised by him many times over and have been likewise repeatedly rejected by this Court. Thus, Bocelli is not entitled to relief and the trial court did not abuse its discretion in dismissing his petition. **See id.**

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:   10/16/2024