J-S13042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRYSTEENA DAWN CLEVENGER | : | |
| | : | |
| Appellant | : | No. 1431 MDA 2024 |

Appeal from the PCRA Order Entered September 24, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000081-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 28, 2025**

Appellant Chrysteena Dawn Clevenger appeals from the order dismissing her Post Conviction Relief Act[1] (PCRA) petition as prematurely filed, without prejudice. We affirm.

Briefly, Appellant was convicted of driving under the influence of a controlled substance[2] in violation of Section 3802(d)(1)(i) of the Motor Vehicle Code and sentenced on June 20, 2022. *See* Sentencing Order, 6/21/22. The Commonwealth appealed from that judgment of sentence and on May 8, 2023, this Court reversed and remanded for resentencing. *See **Commonwealth v. Clevenger**, 995 MDA 2022, 299 A.3d 878, at \*2 (Pa. Super. filed May 8, 2023) (unpublished mem.) (**Clevenger I**). The trial court subsequently

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 3802(d)(1)(i).

resentenced Appellant on September 18, 2023 to twenty-four months' probation with ninety days house arrest and then stayed the sentence pending the direct appeal. **See** Sentencing Orders, 9/25/23, and 10/2/23.

After resentencing, Appellant filed a timely direct appeal, and this Court affirmed the new judgment of sentence on August 15, 2024. **See Commonwealth v. Clevenger**, 1365 MDA 2023, 326 A.3d 438, at *2-3 (Pa. Super. filed Aug. 15, 2024) (unpublished mem.) (**Clevenger II**). Appellant subsequently filed a timely petition for allowance of appeal with our Supreme Court on September 11, 2024. **See** Appellant's Pet. for Allowance of Appeal, 9/11/24. On November 8, 2024, the Supreme Court entered an order holding Appellant's petition for allowance of appeal. **See Commonwealth v. Clevenger**, 447 MAL 2024 (Pa. filed Nov. 8, 2024) (order). As of the date of this memorandum, Appellant's petition for allowance of appeal remains pending before the Supreme Court.

On May 31, 2024, Appellant filed the instant PCRA petition. On September 24, 2024, the PCRA court dismissed Appellant's PCRA petition as "premature without prejudice to refiling" as "direct review of Appellant's sentence has not been completed[.]" **See** PCRA Ct. Order., 9/24/24; **see also** PCRA Ct. Op., 10/24/24, at 6. Appellant timely appealed the dismissal of her PCRA petition. Both Appellant and the PCRA court timely complied with Pa.R.A.P. 1925.

On appeal Appellant raises the following question:

> Did the PCRA court err when it dismissed as premature, without prejudice to refiling, [Appellant's PCRA petition] because [Appellant's] appeal from her resentencing is pending, where the [PCRA petition] was filed to preserve [Appellant's] rights in the event that the appellate courts agree with the Commonwealth's law of the case argument in her direct appeal and/or conclude that a PCRA petition should have been filed within one year after the Commonwealth's prior direct appeal concluded without [Appellant] filing a petition for allowance of appeal to the Supreme Court of Pennsylvania?

Appellant's Brief at 4 (some formatting altered).

Appellant argues that, because "[t]he time for filing a PCRA petition is not tolled by an untimely-filed notice of appeal[,]" should there arise "a problem with [Appellant's direct] appeal [in *Clevenger II*] so that it is not proper and does not count, [then] the PCRA clock runs from the expiration of the time for seeking direct review, **not** the date of the appellate court's determination[.]" *Id.* at 13-14 (emphasis in original) (citing *Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008)). Appellant contends that, instead of dismissing her PCRA petition as prematurely filed, the PCRA court should have placed a hold on her PCRA petition "while a perceived problem with the direct appeal is assessed with full information." *Id.* at 14 (citing *Commonwealth v. W. Smith*, 310 A.3d 94, 103-104 (Pa. 2024)).

Appellant acknowledges that her direct appeal is facially timely, however she argues that this Court should enlarge the exception recognized in *W. Smith* to include "any situation where the direct appeal's viability is in dispute[.]" *Id.* at 17. Specifically, Appellant argues that

> the viability of [her] direct appeal [in *Clevenger II*] is in dispute . . . because of the Commonwealth's law of the case argument. .

. . [The Commonwealth's argument] raised a concern that[,] if the appellate courts were to accept it[, Appellant's] appeal from resentencing is essentially a nullity and does not count, and that her judgment became final after [**Clevenger I**] or after resentencing without a proper appeal from it, and a PCRA petition should have been filed within one year of that finality date, then . . . the time for filing a PCRA petition would have run[.]

**Id.** at 18 (citation omitted).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). This Court applies a *de novo* standard of review to the PCRA court's legal conclusions. **See Commonwealth v. Hutchinson**, 25 A.3d 277, 284 (Pa. 2011).

Whether a PCRA petition is timely filed is a jurisdictional question that must be addressed as a threshold issue. **See W. Smith**, 310 A.3d at 102. Generally, a petition seeking relief pursuant to the PCRA must be filed "within one year of the date the judgment becomes final" and "a judgment becomes final at the conclusion of direct review, including discretionary review . . . or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(1), (3). "If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his [or her] direct appeal rights have been exhausted." **Commonwealth v. Williams**, 215 A.3d 1019, 1023 (Pa. Super. 2019) (citation omitted); **see also Commonwealth v. S. Smith**, 244 A.3d 13, 16

- 4 -

(Pa. Super. 2020) (explaining that a defendant's PCRA petition filed "while [a] petition for [allowance of appeal] was pending in the Pennsylvania Supreme Court" "was clearly premature"). In the event that a PCRA petition is filed while a direct appeal is pending, this Court has held that "the PCRA court ha[s] no jurisdiction to 'hold' the premature filing until the appeal [is] denied." **S. Smith**, 244 A.3d at 16.

Subsequently, our Supreme Court recognized an exception to the practice of dismissing premature PCRA petitions where a direct appeal is "facially untimely[.]" **W. Smith**, 310 A.3d at 103. Specifically, in **W. Smith**, the defendant filed a notice of appeal more than a year after the trial court denied the post-sentence motions. **See id.** at 98. While that direct appeal was still pending, the **W. Smith** defendant filed a PCRA petition. **See id.** at 99. Our Supreme Court concluded that "although [the defendant's] facially untimely direct appeal was pending when he filed his PCRA petition, that appeal process resulted in a determination that" the defendant's notice of appeal was filed "nearly a year late." **Id.** at 103. The Supreme Court further explained that "the outcome of [the defendant's] direct appeal dictated that, for purposes of the PCRA, [the defendant's] judgment became final" when the time for the defendant to seek appellate review of his judgment of sentence expired. **Id.** (citations omitted). Therefore, the **W. Smith** Court held that the defendant timely filed his PCRA petition within a year of his judgment of

sentence becoming final and the PCRA court erred by dismissing the petition

as premature. *Id.*[3]

Our Supreme Court further held:

> If, . . . a petitioner files a PCRA petition while his facially untimely direct appeal is pending, the PCRA court should delay a definitive ruling on the timeliness of the petition until it has all the facts necessary to make such an assessment, because, before that time, it is not yet clear whether jurisdiction rests with the PCRA court. Hence, the dismissal of a PCRA petition **under these circumstances** would, itself, be premature.
>
> *         *         *
>
> [P]ursuant to Appellate Rule 1701(b)(1), if a defendant files a PCRA petition during the pendency of a facially untimely direct appeal that may impact the timeliness of his PCRA petition, then the PCRA court is empowered to maintain the *status quo* by entering an order postponing a ruling on the timeliness of the petition. We also are of the view that a PCRA court's decision to delay ruling on the timeliness of a PCRA petition is an action "otherwise ancillary" to the pending, facially untimely direct appeal. Consequently, this portion of Appellate Rule 1701(b)(1) also allows PCRA courts to enter orders postponing rulings on the timeliness of PCRA petitions **under circumstances like those in the present matter**.

*Id*. at 103-04 (citation and footnote omitted) (emphases added).

Further, "as an intermediate appellate court, this Court is obligated to

follow the precedent set down by our Supreme Court. It is not the prerogative

of an intermediate appellate court to enunciate new precepts of law or to

---

[3] The **W. Smith** Court noted that the circumstances in **S. Smith** and **W. Smith** were "clearly distinguishable" because the PCRA petition in **S. Smith** "truly was premature as his indisputably, timely filed direct appeal was still pending when [the defendant] filed the petition." **W. Smith**, 310 A.3d at 104 n.5. Therefore, our Supreme Court declined to review the validity of **S. Smith**. *See id*.

expand existing legal doctrines. Such is a province reserved to the Supreme Court." ***Commonwealth v. Fuentes***, 272 A.3d 511, 521 (Pa. Super. 2022) (citation omitted).

> Here, the PCRA court explained that
>
> Appellant's direct appeal filings are all timely. Accordingly, this court has no jurisdiction to "hold" the PCRA petition prophylactically. [***S.***] ***Smith***, 244 A.3d at 16. The proper recourse was to dismiss the PCRA petition as premature, without prejudice to refiling. [***See Commonwealth v. Leslie***, 757 A.2d 984, 985-86 (Pa. Super. 2000)].

PCRA Ct. Op., 10/24/24, at 6.

The PCRA court's conclusion is supported by the record and free of legal error. As stated above, at the time Appellant filed the instant PCRA petition, her timely filed direct appeal, *i.e.*, ***Clevenger II***, was pending before this Court. Further, Appellant's timely filed petition for allowance of appeal is still pending before the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence is not final for the purposes of seeking post-conviction relief. ***See*** 42 Pa.C.S. § 9545(b)(1), (3); ***S. Smith***, 244 A.3d at 16; ***Williams***, 215 A.3d at 1023.

Further, Appellant has not cited any authority to support her claim that her direct appeal in ***Clevenger II*** would be rendered a nullity if our Supreme Court determines that the law of the case doctrine applies to the issues

Appellant raised on appeal.[4]  Therefore, we conclude that Appellant has waived her claim that **W. Smith** should be extended to the instant PCRA petition because the validity of her facially timely direct appeal is in dispute. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (holding that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived" (citations omitted)).  Accordingly, because Appellant has failed to establish that her direct appeal in **Clevenger II** was facially untimely, there was no basis for the PCRA court to delay ruling on the timeliness of the instant PCRA petition. **See W. Smith**, 310 A.3d at 103-04.

Even if Appellant's argument that her direct appeal may result in a nullity were not waived, we decline her invitation to expand the facially untimely exception recognized in **W. Smith**.  "[T]his Court is obligated to follow the precedent set down by our Supreme Court[, as it] is not [our] prerogative . . . to expand existing legal doctrines." **See Fuentes**, 272 A.3d at 521.  Accordingly, we cannot expand the facially untimely exception set forth in **W.Smith** and then direct the PCRA court to hold the instant PCRA petition based on such an expansion of the exception.  **Id.**

---

[4] "The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter[.]" **Commonwealth v. McCandless**, 880 A.2d 1262, 1267 (Pa. Super. 2005) (citation omitted).

For these reasons, we conclude the PCRA court did not err by dismissing without prejudice Appellant's PCRA petition as premature.  *See S. Smith*, 244 A.3d at 16; *W. Smith*, 310 A.3d at 103-04; *Williams*, 215 A.3d at 1023; *see also Fuentes*, 272 A.3d at 521.   Accordingly, we affirm the PCRA court's order.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025