J-S43009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ANTHONY TUSWEET SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ANTHONY TUSWEET | : | |
| SMITH | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 54 WDA 2020 |

Appeal from the Order Entered November 13, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-MD-0000855-2019

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 21, 2020**

Appellant, Anthony Tusweet Smith, appeals from the November 13, 2019 order of the Beaver County Court of Common Pleas affirming the Beaver County District Attorney's disapproval of Appellant's second private criminal complaint.  In his second private criminal complaint filed August 6, 2019, Appellant alleged that the prosecutors and investigators involved in his 2002 conviction for aggravated assault and attempted murder had engaged in a criminal conspiracy to convict him, and that this conspiracy was ongoing.  We affirm.

The trial court summarized the proceedings in its order affirming the denial, as follows:

> [Appellant] sought approval from the Beaver County District Attorney to file a private criminal complaint against Kyle Goosby, James Essek, Linda Barr, Kim Tesla, John J. Tobin, Brian

> Zimmerman, Jennifer Anne Petersen, Anthony Berosh, Thomas Fuchel, Paul Radatovich, and Monte Bruce Jackson, alleging criminal conspiracy to commit numerous offenses stemming from [Appellant's] arrest and prosecution in Beaver County Case No. 967-2001. By letter dated October 1, 2019, District Attorney David J. Lozier disapproved the complaint: "You (Smith) raised the identical allegations, facts and claims in your Private Criminal Complaint from June 2017, which was disapproved because the Complaint was time barred. . . . The statute of limitations for conspiracy at 18 [Pa.C.S. §] 903(a)(1)(2)(g)(1) has expired. Although you claim that the actions of defendants occurred on 'March 21, 2001[,] continuing,' you make no claim of any action by any of the named individuals after your trial."

>> It is well-settled that, if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review, and the trial court must first correctly identify the nature of the reasons given by the district attorney for denying the complaint. Where the district attorney's denial of a private criminal complaint is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter.

> In re Private Criminal Complaints of Rafferty, 969 A.2d 578, 581 (Pa. Super. 2009) (internal citations and quotations omitted).

>> Upon review, the [c]ourt agrees that the alleged offenses are beyond the applicable statute of limitations. See 42 Pa.C.S. § 5552. . . .

Order, 11/13/19, at unnumbered 1–2.[1]

---

[1] The trial court relied on this order as its opinion pursuant to Pa.R.A.P. 1925(a). Rule 1925 Opinion, 1/28/20, at 1 ("[T[he [c]ourt has determined that the reasons for the appealed Orders have been set forth in the Order dated November 13, 2019, and that no further Opinion is necessary.").

On March 15, 2002, a jury found Appellant guilty of one count of aggravated assault and two counts of criminal attempt to commit homicide.[2] Appellant was sentenced to a term of incarceration of ten to twenty years and directed to pay restitution. The trial court denied post-sentence motions, and Appellant filed a direct appeal. This Court, *inter alia,* vacated the restitution portion of the judgment of sentence, remanded to the trial court to determine the proper amount of restitution, and our Supreme Court denied further review. *Commonwealth v. Smith*, 849 A.2d 610, 1442 WDA 2002 (Pa. Super. filed February 3, 2004) (unpublished memorandum), *appeal denied*, 853 A.2d 361, 129 WAL 2004 (Pa. filed July 1, 2004).

We summarized the ensuing procedural history in our Memorandum affirming the dismissal of Appellant's fourth PCRA petition, as follows:

> Appellant filed his first, counseled, PCRA petition on September 20, 2005. Following a hearing, the PCRA petition was denied on November 5, 2007, and Appellant did not appeal. Appellant filed a second, *pro se* PCRA petition on June 3, 2008. The petition was dismissed on September 22, 2008. He filed a third *pro se* PCRA petition on August 28, 2013. His third PCRA petition was found to be untimely, and the court therefore denied the petition. The Superior Court affirmed the order denying the petition. [*Commonwealth v. Smith*, 106 A.3d 159, 137 WDA 2014 (Pa. Super. filed August 13, 2014) (unpublished memorandum)]. A petition for allowance of appeal filed with the Pennsylvania Supreme Court was denied on December 30, 2014.

---

[2] 18 Pa.C.S. §§ 2702(a)(1), 901, and 2501, respectively.

*Commonwealth v. Smith*, 158 A.3d 177, 322 WDA 2016 (Pa. Super. filed September 12, 2016 (unpublished memorandum).[3]  We determined that Appellant's fourth and fifth PCRA petitions were untimely and no exceptions to the PCRA's time-bar applied. *Id.*; *Commonwealth v. Smith*, 178 A.3d 158, 382 WDA 2017 (Pa. Super. filed September 14, 2017 (unpublished memorandum), *appeal denied*, 183 A.3d 349, 385 WAL 2017 (Pa. filed March 28, 2018).

On June 1, 2017, Appellant filed his first private criminal complaint against Harmony Township Police Sergeant James Essek alleging that Sergeant Essek filed a "false criminal complaint" against him and violated 18 Pa.C.S. § 903 by conspiring with Kyle Goosby, Linda Barr, Kim Tesla, John J. Tobin, Brian K. Zimmerman, Jennifer Ann Petersen, Anthony Berosh, Thomas Phillis, Thomas Fuchel, and Monte Bruce Jackson, the same individuals named in the instant case, to commit various criminal offenses against him.  The District Attorney disapproved the private criminal complaint, indicating that because all of the alleged acts had occurred in 2001 and 2002, the private criminal complaint was filed beyond the statute of limitations.  We held that the trial court did not err and affirmed the denial of the private complaint.  ***In***

_____

[3] In addition, Appellant, *pro se*, filed a federal petition for writ of *habeas corpus* that was denied on July 13, 2015.  **Smith v. Gilmore**, 2015 WL 4389292 (W.D.Pa. filed July 13, 2015).  A certificate of appealability was denied on April 8, 2016.

*re Private Criminal Complaint of Anthony Smith*, 193 A.3d 1127, 1213 WDA 2017 (Pa. Super. filed June 28, 2018) (unpublished memorandum).

Thereafter, Appellant filed a sixth *pro se* PCRA petition. We quashed Appellant's *pro se* appeal from the November 2019 denial of the sixth PCRA petition due to Appellant's failure to comply with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).

As noted *supra*, Appellant filed a second private criminal complaint, the instant complaint, on August 6, 2019, alleging that the prosecutors and investigators involved in his 2002 conviction for aggravated assault and attempted murder engaged in a criminal conspiracy to convict him. The Beaver County District Attorney disapproved the private criminal complaint, and the Beaver County Court of Common Pleas affirmed. Appellant filed a notice of appeal. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). As explained *supra*, the trial court relied on its November 13, 2019 order as its opinion pursuant to Rule 1925(a).

Appellant raises the following issues in his *pro se* brief:

I. Whether the trial court erred in affirming the district attorney's decision without scheduling briefing on the grounds of exhaustion of the statute of limitations?

II. Whether the trial court erred in affirming that the alleged offenses are beyond the applicable statute of limitations, under title 42 Pa.C.S.§ 5552, et. seq.?

Appellant's Brief at 4.

We note our standard of review:

When the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

* * *

When the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Miles*, 170 A.3d 530, 533 (Pa. Super. 2017).

In this case, Appellant has relied upon the same theory that he asserted in his first private criminal complaint, docketed at 1213 WDA 2017. As noted *supra*, and as reitereated by the trial court herein, the Beaver County District Attorney explained:

**You . . . raised the identical allegations, facts and claims in your Private Criminal Complaint from June 2017, which was disapproved because the Complaint was time barred**. . . . The statute of limitations for conspiracy at 18 [Pa.C.S. §] 903(a)(1)(2)(g)(1) has expired. **Although you claim that the actions of defendants occurred on "March 21, 2001[,] continuing," you make no claim of any action by any of the named individuals after your trial**.

Order, 11/13/19, at unnumbered 1–2 (emphases added).

The critical problem with Appellant's present claim is that it was previously addressed and rejected by this Court in the prior appeal of the

- 6 -

disapproval of Appellant's first private criminal complaint. *Private Criminal Complaint of Smith*, 193 A.3d 1127, 1213 WDA 2017. Therein, we affirmed the District Attorney's disapproval of the complaint based on the expiration of the applicable statute of limitations. *Id.* at 3–4. In addition, we affirmed the trial court's denial of Appellant's request to develop the record for review of the District Attorney's disapproval of Appellant's private criminal complaint. *Id.* at 5. These rulings became the law of the case.

The doctrine of the law of the case includes the principle that when this Court has decided an issue presented to it in an appeal, we will not revisit that issue in a subsequent appeal, even if the ruling was erroneous. *See Commonwealth v. McCandless*, 880 A.2d 1262 (Pa. Super. 2005) (*en banc*). There are three, limited exceptions to the doctrine: a material change in the facts, an intervening change in the law, or the prior ruling was so clearly incorrect that it would be manifestly unjust to enforce the holding. *Id.* None of those limited exceptions applies in this case. Moreover, we may affirm the trial court on any grounds supported by the record. *Commonwealth v. Turner*, 73 A.3d 1283, 1286 n.5 (Pa. Super. 2013).

The trial court appropriately addressed the District Attorney's disapproval of Appellant's second private criminal complaint. As in the first private criminal complaint, Appellant alleged that prosecutors and investigators engaged in a criminal conspiracy to submit false evidence to unlawfully convict him of the aggravated assault and attempted murder of

Kyle Goosby. Appellant's trial concluded in 2002. Thus, according to Appellant's conspiracy theory, the investigators and prosecutors who conspired against Appellant completed their conspiracy in 2002 upon Appellant's conviction and sentence. *See* 18 Pa.C.S. 903(a)(1)(2)(g)(1); 42 Pa.C.S. § 5552(d) ("An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated"). The statute of limitations for the criminal conduct Appellant alleged, expired long before the filing of his private criminal complaint, *see* 42 Pa.C.S. § 5552(a) and (b),[4] and the trial court did not commit an error of law in affirming the District Attorney's disapproval of Appellant's complaint. *See Miles*, 170 A.3d at 534 (when a district attorney disapproves of a private criminal complaint based on a legal conclusion, the trial court engages in *de novo* review of the district attorney's determination for an error of law; the appellate court applies the same standard of review to the trial court's determination).

Order affirmed.

---

[4] The statute sets forth the general rule regarding the statute of limitations for the various "major" offenses. 42 Pa.C.S. § 5552(a) and (b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2020