J-S34015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHERMAN COLEMAN | : | |
| | : | |
| Appellant | : | No. 323 WDA 2023 |

Appeal from the Order Entered March 6, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000275-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHERMAN COLEMAN | : | |
| | : | |
| Appellant | : | No. 324 WDA 2023 |

Appeal from the Order Entered March 6, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000279-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHERMAN COLEMAN | : | |
| | : | |
| Appellant | : | No. 325 WDA 2023 |

Appeal from the Order Entered March 6, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000281-1988

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: October 11, 2023**

Sherman Coleman appeals,[1] *pro se*, from the order, entered in the Court of Common Pleas of Allegheny County, denying his motion for expungement. After review, we affirm.

In 1988, Coleman was charged and convicted with numerous offenses related to Coleman's crime spree where, over the course of two days in December 1987, he robbed a bakery, robbed a woman at knifepoint at a bus stop, and wrestled a gun away from a police officer and shot at him.

On September 13, 1988, the trial court sentenced Coleman to an aggregate term of 30 to 60 years' imprisonment. Coleman filed a timely post-sentence motion, which was denied, followed by a timely notice of appeal. This Court affirmed Coleman's judgment of sentence. ***Commonwealth v. Coleman***, 570 A.2d 1086 (Pa. Super. 1989) (Table). Coleman did not file a petition for allowance of appeal in our Supreme Court.

---

[1] Coleman filed three separate notices of appeal, each of which listed all of the above-captioned dockets, in violation of Pa.R.A.P. 341. ***See Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) ("where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). Nevertheless, this Court, in ***Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (en banc), held that we need not quash an appeal where the appellant filed the appropriate number of notices of appeal from the underlying trial court dockets. ***See id.*** Accordingly, we decline to quash these appeals.

Additionally, this Court, *sua sponte*, consolidated Coleman's appeals on April 25, 2023, pursuant to Pa.R.A.P. 513. ***See*** Order, 4/25/23.

In the decades that followed, Coleman filed one dozen petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Each of which was either denied or dismissed, and subsequently affirmed by this Court.

The following procedural history is relevant to the instant matter. On January 13, 2015, Coleman filed a "Motion for Expungement." The trial court treated this motion as a PCRA petition, his twelfth, and, on January 14, 2015, denied the PCRA petition. In this petition, Coleman first argued that his sentencing orders were invalid, and, as a result, he should receive expungement. *See* Motion for Expungement, 1/13/15, at 2-8 (unpaginated). Coleman appealed the denial of this motion, and this Court affirmed. *See Commonwealth v. Coleman*, 131 A.3d 109 (Pa. Super. 2015) (Table).

On September 27, 2015, Coleman, *pro se*, filed a "Motion to Compel," in which he asserted that the Department of Corrections (DOC) had sent him invalid copies of his judgment of sentence. *See* Motion to Compel, 9/27/15, at 1-6. In particular, Coleman sought to have the trial court compel the DOC to provide the valid sentencing orders. *Id.* Ultimately, the trial court treated this motion as Coleman's thirteenth PCRA petition and denied it. Coleman appealed to this Court and we affirmed. *See Commonwealth v. Coleman*, 159 A.3d 1004 (Pa. Super. 2016) (Table).

On December 7, 2018, Coleman was released from prison, and began serving the rest of his sentence on parole.

On December 22, 2021, Coleman, *pro se*, filed another "Motion for Expungement." On September 14, 2022, the trial court, the Honorable

Edward Borkowski, conducted a hearing, at which the Commonwealth opposed Coleman's expungement. The Commonwealth explained that Coleman was no longer incarcerated and was 70 years of age. *See* N.T. Petition for Expungement, 9/14/22, at 2-3. However, the Commonwealth argued that Coleman could not be eligible for expungement because Coleman had not been free of arrest or prosecution for 10 years after release from confinement or supervision, as required by 18 Pa.C.S.A. § 9122(b)(1), and that Coleman would consequently not be eligible for expungement until 2028. *See* N.T. Petition for Expungement, 9/14/22, at 2-3; *see also* 18 Pa.C.S.A. § 9122(b)(1).

The trial court asked if Coleman understood this, to which Coleman responded that his 1988 sentencing orders had not been entered into the record. *See* N.T. Petition for Expungement, 9/14/22, at 3. Coleman argued that because no valid sentencing orders had been entered into the record, his 1989 direct appeal was void because this Court lacked jurisdiction to affirm an invalid, or non-existent, sentencing order. *See id.* at 3-4. The trial court took the matter under advisement.

On January 25, 2023, the Honorable Jill E. Rangos, the administrative judge of the Criminal Division of the Allegheny County Court of Common Pleas, filed an "Order of Sentence Correction" in the instant dockets. On March 2, 2023, Coleman, *pro se*, filed "Amended Objections" to the "Order of Sentence Correction." On March 6, 2023, the trial court denied Coleman's Motion for Expungement and his Amended Objections.

- 4 -

Coleman, *pro se*, filed timely notices of appeal and court-ordered Pa.R.A.P. 1925(b) concise statements of error complained of on appeal. He now raises the following claims for our review:

[1. Whether] the trial court abused its discre[]tion by permitting the Commonwealth to enter a void judgment in the records of the court solely to deny this petitioner expungement relief in clear violation of petitioner's rights to due pro[cess] and equal protection of the law[?]

[2. Whether] the trial court abused its discre[]tion by attempting to confer jurisdiction where none existed and attempting to make the void judgment valid[?]

[3. Whether] the trial court abused its discre[]tion [where] the trial court was fully aware that there was no final judgment entered in the [C]ourt of [C]ommon [P]leas, [C]riminal [D]ivision, criminal docket entries that gave the [S]uperior [C]ourt at 1521 Pittsburgh 1989 jurisdiction to affirm the judgment of sentence[?]

[4. Whether] the trial court abused its discre[]tion [where] the trial court [was] fully aware that a judgment is a void judgment if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process and permitted the void judgment to be entered into the records of the court to deny this petitioner expungement relief[?]

[5. Whether] the trial court abused its discre[]tion [where] it is clear on the fact of the court records that the [S]uperior [C]ourt at 1521 Pittsburgh 1989[,] lacked subject[ ]matter jurisdiction and the court records clearly reflect[] that a final appealable order was not entered in the docket until 10/31/2022[,] well over thirty-four years later[?]

[6. Whether] the [S]uperior [C]ourt at 1521 Pittsburgh 1989[,] lacked subject[ ]matter jurisdiction and the court records clearly reflects that a[] final appealable order was not entered in the docket until 10/31/2022 to deny this petitioner expungement relief[?]

- 5 -

Brief for Appellant, at 6-7.

All of Coleman's issues are related, as they all pertain to his argument that the trial court abused its discretion by denying relief despite the sentencing orders being allegedly "void." *See* Brief for Appellant, at 11-23. Coleman further argues that he is entitled to expungement relief, as a result of the purportedly "void" sentencing orders. *See id.* at 13, 18-19, 21.

Preliminarily, we note that Coleman's claims all fail because, as we noted in Coleman's appeal from the denial of his January 13, 2015, motion for expungement:

> [Coleman]'s primary argument is that, because he has never been "duly convicted or sentenced by a court of law through a legally required written, signed and sealed sentencing order or judgment," [h]e is entitled to have the information in his criminal history record expunged. Even assuming *arguendo* that the absence of a vali[d] sentencing order would entitle [Coleman] to expungement, [Coleman]'s claim is belied by the record. A review of the trial court's criminal docket entries reveals that a sentencing order was entered on September 13, 1988. In addition, the sentencing order for the convictions which [Coleman] seeks to have expunged is located in the certified record. [T]hus, [Coleman]'s claim is without merit.

*Commonwealth v. Coleman*, 131 A.3d 109 (Pa. Super. 2015) (Table).

Additionally, at that time, we also noted that we had previously "rejected [Coleman]'s challenge to the presence of a valid sentencing order in his underlying claims in previous appeals." *See id.* at 3** n.2 (compiling cases).

Furthermore, Coleman has previously **conceded** that he has received the sentencing orders in question. *See Commonwealth v. Coleman*, 159 A.3d 1004 (Pa. Super. 2016) (Table). In that appeal, we noted that

"[Coleman] had been able to appeal from and file PCRA petitions with respect to these same orders in the past[.]" ***See id.***

As a result of this Court previously addressing Coleman's claims multiple times, we decline to further entertain Coleman's claims on the matter. ***See Commonwealth v. McCandless***, 880 A.2d 1262, 1267 (Pa. Super. 2005) ("[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previously ruling[.]"); ***see also Commonwealth v. Bocelli***, 249 A.3d 123 (Pa. Super. 2021) (Table).[2] In ***Bocelli***, this Court addressed a similar issue where the defendant argued his judgment of sentence was void due to a lack of a written order. ***See Bocelli***, ***supra***. In rejecting this claim, this Court observed that it had previously addressed and rejected the defendant's argument in a prior appeal. ***See id.*** Because we have previously addressed all of Coleman's claims regarding the purportedly void sentencing orders, we are bound by the law of the case doctrine and need not entertain it further. ***See McCandless***, ***supra***. Accordingly, Coleman is entitled to no relief.

To the extent that Coleman is still challenging the trial court's purported abuse of discretion in denying his Motion for Expungement, we observe that the Crimes Code provides, in relevant part, that an individual's criminal history record "**may be expunged** when: [a]n individual who is the subject of the

---

[2] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value.

information reaches 70 years of age and has been free of arrest or prosecution for **ten years following final release from confinement or supervision**." 18 Pa.C.S.A. § 9122(b)(1) (emphasis added).

Here, the trial court was statutorily barred from granting expungement. As the Commonwealth pointed out at the September 14, 2022 hearing, Coleman was 70 years of age, and had been released from incarceration. However, those are not the only two relevant factors. Indeed, pursuant to section 9122(b)(1), Coleman must be free of arrest or prosecution for 10 years following his release, before the trial court **may consider** expungement. *See* 18 Pa.C.S.A. § 9122(b)(1). At the time of filing his motion for expungement, Coleman had been free from arrest and prosecution for only four years, and at the time the trial court decided the motion, only five years. Accordingly, Coleman is entitled to no relief. *See* 18 Pa.C.S.A. § 9122(b)(1).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/11/2023